# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARC IRWIN SHARFMAN M.D. P.A.,**

      **Plaintiff,**

v.                                                                               **Case No: 6:22-cv-642-WWB-DCI**

**PRECISION IMAGING ST.**
**AUGUSTINE LLC and HALO DX, INC.,**

      **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Unopposed Motion for Entry of Authorization Order Under the Cable Act (Doc. 21)** |
| **FILED:** | **September 28, 2022** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part**.

Plaintiff brings this putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., regarding allegedly unsolicited fax advertisements that Defendants sent to Plaintiff and to the putative class.

Pursuant to section 551(c)(2)(B) of the Cable Act, 47 U.S.C. § 551(c)(2)(B), Plaintiff seeks an order authorizing those telecommunications service providers to disclose personally identifiable information of their subscribers. Doc. 21 (the Motion).[1] The Motion is designated as unopposed.

---

[1] The Court notes that the Motion is not in compliance with Local Rule 3.01(a), which requires that a motion include "in a *single document* . . . a concise statement of the precise relief requested,

Further, the time to respond has passed, so the Court also deems the Motion unopposed. Local Rule 3.01(c).

District courts have broad discretion in handling discovery matters. *See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1188 (11th Cir. 2013). "Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1) (2016). Accordingly, "[t]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). "When discovery sought appears otherwise relevant, the party resisting discovery has the burden to establish the request is improper or creates an undue burden." *Classic Soft Trim, Inc. v. Albert*, No. 6:18-cv-1237-ORL-78GJK, 2020 WL 6730978, at *2 (M.D. Fla. Oct. 8, 2020) (citing *O'Connor v. GEICO Indem. Co.*, No. 8:17-cv-1539, 2018 WL 1409750, at *2 (M.D. Fla. Mar. 21, 2018); *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000)).

Plaintiff provides decisional authority supporting the proposition that the Court should enter the requested order, including decisions by judges of this district entered recently on an almost identical issue. *See, e.g.*, Doc. 21-1 at 6 (citing *Scoma Chiropractic, P.A. v. National Spine and Pain Centers LLC, et al*, 2021 WL 4991523, at *4 (M.D. Fla. Oct. 27, 2021); *see also* Doc. 21-2.

The Court finds that the requested discovery is relevant and proportional to the needs of this case, noting again that Defendants have not opposed the requested discovery. The Complaint

---

a statement of the basis for the request, and a legal memorandum supporting the request." (emphasis added). Plaintiff attached its memorandum of law as a separate document. Doc. 21-1. Nevertheless, in the interest of efficiency the Court will consider the Motion.

in this case sets forth a putative class and requests certification of that class, and the information sought in the subpoenas at issue is—as already stated—relevant and proportional to the issue of class certification.

Accordingly, it is **ORDERED** that Plaintiff's Unopposed Motion for Entry of Authorization Order Under the Cable Act (Doc. 21) is **GRANTED in part** as follows:

(1) Plaintiff may serve a copy of this Order on the telecommunications service providers (and any subsidiaries or affiliated entities) who provided service to Plaintiff and the putative class. By this Order, the telecommunications service providers are authorized to disclose the names and addresses of subscribers associated with certain fax numbers to be provided to them by Plaintiff. However, this discovery shall be conditioned on the following:

   (a) the telecommunications service providers shall have seven days after service of this Order to notify the subscribers that their names and addresses are being sought by Plaintiff;

   (b) each subscriber whose name and address is sought shall have twenty-one days from the date of notice by the telecommunications service providers to file, submit, or otherwise assert any opposition to the requested disclosure; and

   (c) payment to the telecommunications service providers by Plaintiff of any reasonable costs incurred in providing the pre-disclosure notifications to subscribers; compiling the requested information; and otherwise complying with this Order.

(2) The telecommunications services providers may provide notice using any reasonable means, including but not limited to notice by regular mail, e-mail, facsimile, or otherwise.

(3) All information disclosed by the telecommunications service providers in response to this Order may be used by Plaintiff solely for this matter.

(4) Good faith attempts by the telecommunications service providers to notify subscribers shall constitute compliance with this Order.

(5) The Motion (Doc. 21) is **DENIED** in all other respects.

**ORDERED** in Orlando, Florida on October 17, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE