**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| MARC IRWIN SHARFMAN, M.D., P.A., individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 6:22-cv-00642-WWB-DCI |
| PRECISION IMAGING ST. AUGUSTINE LLC, a Florida limited liability company, and HALO DX, INC., a Delaware corporation, | ) ) ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' OPPOSED MOTION FOR STAY OF MAGISTRATE**
**JUDGE'S APRIL 10, 2023 ORDER GRANTING IN PART**
**AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**

Defendants, PRECISION IMAGING St. AUGUSTINE LLC ("Precision") and HALO

DX, INC. ("Halo") (collectively "Defendants"), respectfully file this Motion for Stay of the

Magistrate Judge Daniel C. Irick's Order of April 10, 2023 granting in part and denying in

part Plaintiff's Motion to Compel (Doc. No. 31) (the "Order") and Incorporated

Memorandum of Law. In support, Defendants state as follows:

**Procedural Background**

1.      Plaintiff filed its Motion to Compel on January 21, 2023, seeking to compel

Defendants' production of all fax advertisements sent by either Defendant during the

relevant time period. (Doc No. 31).

2.      Defendants filed their Response in Opposition to Plaintiff's Motion to

Compel on February 14, 2023, in which Defendants' primary argument was that the

documents Plaintiff sought in the Motion to Compel are wholly irrelevant to the claims at

issue in this litigation. (Doc. No. 33). Specifically, Defendants' arguments were predicated on the fact that Defendants have produced all faxes that Defendants sent as part of the Joint Venture the Defendants formed shortly before the subject Faxes were sent to Plaintiff and the alleged putative class. *Id.* at 1-4, Exs. A and B. Moreover, any faxes either Halo sent on its own behalf (or behalf of any other non-parties) or that Precision sent on its own behalf (or behalf of any other non-parties) that do not relate to the Joint Venture have nothing to do with this litigation, and, by extension, are beyond the scope of discovery in this action. *Id.* at 5-10.

3. On April 10, 2023, the Magistrate Judge entered its Order granting in part and denying in part Plaintiff's Motion to Compel, and ordered each Defendant to produce all fax advertisements, including fax transmission logs, sent by each Defendant during the class period on or before April 21, 2023.

4. Defendants intend to file objections to the Order compelling the production of all fax advertisements, including fax transmission logs, sent by each Defendant during the class period on or before the 14-day deadline to seek review a Magistrate Judge's order on such non-dispositive matters. *See* Fed. R. Civ. P. 72(a).

5. Based on their intent to file objections to the Order, Defendants request a stay of the Order: (1) to provide Defendants the opportunity to file an objection within the time provided by the Rules and Statutes; and (2) to allow this Court to consider and rule on Defendants' objections.

## MEMORANDUM OF LAW

### I.      Legal Standard

In connection with Defendants' forthcoming request for review, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also*, 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter … where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). In order to establish grounds for a stay of the Magistrate Judge's order pending this Court's review, Defendants must demonstrate that: (1) they are likely to prevail on the merits of the appeal; (2) absent a stay, they will suffer irreparable harm; (3) the Plaintiff will not suffer substantial harm from the issuance of the stay; and (4) the public interest will be served by issuing the stay.  *Amerisure Mut. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, No. 2:12-cv-443-FtM-29CM, 2014 WL 12617769, at *1-3 (M.D. Fla. May 12, 2014) (citing *Kearney Partners Fund, LLC v. United States*, 2013 WL 557187, at *1 (M.D. Fla. Feb. 14, 2013) (other citations omitted)). Here, all four factors weigh in favor of granting a stay pending review.

### II.     Defendants Are Likely to Prevail on the Merits of the Appeal Because any Faxes Sent by Halo or Precision Outside of the Joint Venture are Wholly Irrelevant to this Litigation.

As to the first factor, Defendants are likely to prevail on the merits of their appeal of the Order because the Order was erroneous and contrary to law in that any faxes sent by Halo or Precision, outside of the Joint Venture, are wholly irrelevant to this litigation and, as a result, beyond the permissible scope of discovery under Fed. R. Civ. P. 26. First and foremost, neither Defendant sent the faxes at issue in this case (the "Faxes") in

3

their individual capacity. *See* Doc. No. 33 Ex. A, B.  Rather, Defendants entered into a Joint Venture, and as part of the Joint Venture, Halo directed the third-party jBlast to send the Faxes *on behalf of* Precision to Precision's referral sources. *See Id.*[1]  Indeed, the Faxes contained information regarding Precision's medical imaging services and are not related to any of Halo's services in any way.  *See* Doc. No. 12 Ex. A-C.

Therefore, the disputed discovery which seeks information concerning faxes that were sent by either Halo or Precision outside of the Joint Venture, independent of one another, are simply not relevant to either the issues as framed by the pleadings or the issue of class certification.  *See Prado-Steiman ex rel. Prado v. Bush*, 221 F. 3d 1266, 1279 (11th Cir. 2000) ("As the Supreme Court has explained, '[w]e have repeatedly held that a class representative must be part of the class and possess the same interest and suffer the same injury as the class members'") (citing *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982)).  Moreover, courts within the Eleventh Circuit have refused to permit such broad forays into irrelevant discovery on facts very similar to the present action. *See e.g., Schwanke v. JB Med. Mgmt. Sols., Inc.*, 5:16-CV-597-OC-30PRL, 2017 WL 3034039 (M.D. Fla. July 18, 2017).  For example, in *Schwanke*, this Court denied the plaintiff's motion to compel discovery regarding faxes that were not sent to the plaintiff, and which concerned other products than those referenced in the

---

[1] Notwithstanding that Defendants dispute whether faxes at issue in this case were unsolicited.  Even assuming for the sake of argument Plaintiff was to prevail on that issue, Halo was not the "sender" as defined by the Telephone Consumer Protection Act of 1991 ("TCPA"). *See In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 21 FCC Rcd. 3787, 3822 (2006) (defining "sender," for purposes of the TCPA as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement.").

alleged fax advertisement at issue in that case.  *See id.* at \*7-\*8. In refusing to allow such expansive discovery into collateral matters, the court stated, "Plaintiff fails to point to any of these faxes to show that . . . he received such a fax and has a claim for relief arising from it." *Id.* at \*8.

Here, just as in *Schwanke*, the disputed discovery concerns faxes that neither Plaintiff—nor likely any other member of the putative class—was sent or received. However, notwithstanding this issue was specifically addressed in Defendants' Response in Opposition to the Motion to Compel (*see* Doc. No. 33 at 6-8), the Order states that "the relevance of the joint venture is unclear to the Court, and Defendants have not provided any clarification."  Doc. No. 47 at 3.  Accordingly, Defendants believe a substantive review of these issues by this Court is not just warranted but is necessary given the Magistrate Judge did not fully consider the importance of the fact the Faxes were sent as part of the Joint Venture in reaching its conclusions.

Furthermore, apart from the Magistrate Judge's ruling in this case, Defendants are aware of no other federal decision that has held a party who sent a fax on behalf of another party should be compelled to produce information pertaining to every advertisement communication sent on the party's *own behalf* during the class period (or vice versa).  Indeed, the courts that have addressed this issue have concluded that such information is irrelevant. *See e.g., Coffman Group, L.L.C. et al. v. Sweeney* , 219 S.W.3d 763,768 (Mo. Ct. App. 2005) (affirming an order denying a motion to compel "[a]ll documents relating to third parties that have  transmitted fax advertisements on behalf of [defendants]" on the grounds that such a request is overbroad and calls for documents that are irrelevant to the pending action).  Therefore, even without fully briefing the issues

that will be raised in Defendants' forthcoming objections to the Order, it is clear that Plaintiff's discovery request for all faxes advertisements sent by each Defendant during the last four years (regardless of whether it is connected in any way to the Faxes) is contrary to the law as it represents a quintessential impermissible fishing expedition. Accordingly, for these reasons, Defendants are likely to prevail on its appeal of the Order.

### III.   Defendants Would Suffer Irreparable Harm If a Stay of the Order Was Not Granted Because Defendants Would Lose Their Statutory Right to seek this Court's review the Magistrate Judge's Ruling.

Defendants would suffer irreparable harm if a stay of the Order were not granted. Indeed, Defendants' statutory right to appeal or object to a Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(A)[2] (and Federal Rule of Civil Procedure 72(a) and Local Magistrate Judge Rule 4(a)(1) premised on Section 636) would essentially be rendered a nullity if Defendants were required to comply with the Order before the District Court had an opportunity to review and rule on Defendants' objections. The prejudice to Defendants, or the balance of harms, greatly favors a stay because Defendants will lose their statutory right to appeal or object to the Order absent a stay. Consistent this legal principle, courts in this District have granted stays of Magistrate Judge orders compelling production of documents under similar circumstances where, absent a stay, the movant would not have had an opportunity to present its objections to the District Court prior to

---

[2] The statute provides that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

producing documents. *See, e.g., Kearney Partners Fund, LLC v. United States*, No. 2:10-cv-153-Ftm99SPC, 2013 WL 557187, at *3-4 (M.D. Fla. Feb. 13, 2013) (granting motion to stay order compelling defendant to produce documents and holding that the defendant would suffer irreparable harm if the stay is not granted because it will be required to disclose the communications/documents at issue before it has the opportunity to present its objections to the district court); *Fox Haven of Foxfire Condo. IV Ass'n v. Nationwide Mut. Fire Ins. Co.*, No. 2:13-cv399-FtM-29CM, 2014 U.S. Dist. LEXIS 192136, at *4 (M.D. Fla. Nov. 20, 2014) ("[T]he Court finds that a stay is due to be granted as Nationwide maintains that the documents are protected, and Federal Rule 72(a) affords it an opportunity to present this argument to the District Court."); *see also*, *Amerisure*, 2014 WL 12617769, at *3 ("The Court finds that a stay is due to be granted . . . Federal Rule 72(a) affords it an opportunity to present this argument to the District Court."); *Christie v. Lee Cty. Sheriff's Office*, 2012 WL 13098031, at * 3-4 (M.D. Fla. Jan. 3, 2012) (granting a stay of an order compelling production pending a ruling on the defendant's Rule 72 objection).

## IV.   Plaintiff will not be Prejudiced from a Stay of the Order.

No harm or prejudice would result from granting the requested stay.  Specifically, there are no eminent deadlines that would be impacted by granting a brief stay enforcement of the Order to allow this Court sufficient time to consider Defendants' forthcoming objections thereto.  Indeed, the discovery deadline is not until September 23, 2023, and the dispositive motions and Daubert motions deadline is not until October 31, 2023.  *See, e.g., Christie*, 2012 WL 13098031, at * 3-4 (finding that Plaintiff would not be prejudiced by order staying Magistrate Judge's discovery order pending a ruling on

defendant's objection); *Marllantas, Inc. v. Cissna*, 2017 U.S. Dist. LEXIS 228667, at *4 (S.D. Fla. Dec. 12, 2017) (granting motion to stay Magistrate Judge's discovery order noting that "there are no deadlines that would be impacted if the Court were to stay enforcement of its order pending a ruling on its appeal").

## V.  The Public Interest in Protecting Federal Court Litigants' Appellate Rights Would Be Served by a Stay of the Order.

Here, the public interest in protection of federal court litigants' appellate rights is served by the entry of a stay.  Staying the production of documents required by the Order is consistent with both the spirit and the language of Fed. R. Civ. P. 72(a) and Local Magistrate Rule 4(a)(1), both of which permit parties to take an appeal from a Magistrate Judge's non-dispositive discovery rulings. Because the public has a general interest in being able to appeal a Magistrate Judge's ruling prior to compliance, this public interest factor favors a stay.

## VI.  Conclusion

Based on the foregoing, Defendants respectfully submit that, under these circumstances, a stay of the Order pending resolution of Defendants' appeal/objections is appropriate.  Accordingly, Defendants respectfully request that this Court grant this Motion and order that, subject to Defendants' timely filing an objection pursuant to Rule 72(a), the Magistrate Judge's April 10, 2023 Order shall be stayed until fourteen (14) days after any ruling by the District Court of Defendants' appeal of/objections to the Order. *See Kearney Partners*, 2013 WL 557187, at *4-5 (granting motion to stay Magistrate Judge order compelling defendant to produce documents and ordering defendant to produce the documents fourteen (14) days after entry of any order by district judge affirming the Magistrate Judge's order).

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel conferred with counsel for Plaintiff on April 14, 2023 via email regarding this Motion and the relief requested therein, and represents that Plaintiff opposes the relief sought herein.

Dated this 14th day of April, 2023.

**BRENNAN MANNA DIAMOND**

By:  */s/ Darren C. Jones*
Joshua R. La Bouef – Lead Counsel
Florida Bar No. 0044400
Darren C. Jones
Florida Bar No. 0099478
5210 Belfort Road, Ste. 400
Jacksonville, Florida 32256
(904) 366-1500
(904) 366-1501 (facsimile)
Primary:  jrlabouef@bmdpl.com
Primary:  dcjones@bmdpl.com
Secondary: nndaou@bmdpl.com

*Attorneys for Defendants*