**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| MARC IRWIN SHARFMAN M.D., P.A., a Florida corporation, individually and as the representative of a class of similarly-situated persons, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) Civil Action No:<br>) 6:22-cv-00642-WWB-DCI |
| v. | )<br>) |
| PRECISION IMAGING ST. AUGUSTINE LLC, a Florida limited liability company, and HALO DX, INC., a Delaware corporation, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## JOINT MOTION FOR EXTENSION OF TIME

Defendant, PRECISION IMAGING ST. AUGUSTINE LLC ("Precision"), and Plaintiff, MARC IRWIN SHARFMAN, M.D., P.A ("Plaintiff") (collectively, the "Parties"), by and through the respective undersigned counsel, hereby move this Court for an order, pursuant to Fed. R. Civ. P. 6(b), to extend the December 22, 2023, discovery deadline by four weeks, until January 19, 2023, in order to complete Plaintiff's currently open Rule 30(b)(6) deposition of Precision, and to extend the deadline for Plaintiff to file its Rule 23 motion a week after that, or January 26, 2024 (three weeks past the current January 5, 2024 due date). In support thereof, the Parties states as follows:

1. The underlying case is a putative class action brought pursuant to the Telephone Consumer Protection Act of 1991 ("TCPA") 47 U.S.C. 227, *et seq.* against Defendants Precision and Halo regarding alleged unsolicited advertisements sent on February 9, 15, and 17, 2022. On August 9, 2023, this Court entered an order setting

December 22, 2023, as the discovery deadline and the deadline for Plaintiff to file its motion for class certification. (Doc. 56).

3. On December 8, 2023, this Court entered an order granting an extension of time, until January 5, 2024, for Plaintiff to file its Rule 23 motion. (Doc. 64). Plaintiff set forth the facts pertinent to its request in that motion (which are equally applicable here). (*See* Doc. 63 at 2, 3). In short, after Defendants produced an Excel spreadsheet ("Exhibit A") on November 27, 2023, which purported to provide responsive information as to the affirmative defense of prior express permission to send fax advertisements, Plaintiff served its Notice of Rule 30(b)(6) Deposition (for December 8, 2023), which sought testimony regarding the Exhibit A, and other testimony regarding permission.

4. The deposition was rescheduled and went forward on December 21, 2023. At the start of the Rule 30(b)(6) deposition, Precision produced two videos that Precision contends demonstrates permission as to certain putative class members. Precision's Rule 30(b)(6) witness had not seen the video. Precision also advised at that deposition that it intends to produce approximately fifteen declarations from physicians, also regarding permission. As a result of the foregoing, the Rule 30(b)(6) deposition was left open by agreement.

5. Federal Rule of Civil Procedure 6(b)(1)(A) provides in pertinent part that: "[W]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion if the court acts, or if a request is made, before the original time or its extension expires." To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence. *Alarm Grid, Inc. v. Alarm Club.com, Inc.*, 2018 WL 679490, at *3 (S.D.

Fla. Feb. 2, 2018) (*Ashmore v. Sec'y Dept. of Transp.*, 503 Fed. App'x 683, 685 (11th Cir. 2013) (citing *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008)).

5. The Parties agree that the foregoing establishes good cause to extend the discovery cutoff date be four weeks (to January 19), and the Rule 23 motion due date a week after that (January 26). Precision (and Defendant Halo) will seek to defeat class certification based on its affirmative defense of permission. An additional four weeks will allow Precision to produce any further documents regarding the two videos produced and to prepare its corporate witness regarding the videos so that the Rule 30(b)(6) deposition can be completed. This time also accounts for any potential scheduling conflicts occurring on account of the holidays. The additional week (to January 26) for Plaintiff to file its Rule 23 motion will allow Plaintiff the time necessary to address any new Rule 30(b)(6) information and testimony provided by Precision. Plaintiff respectfully reserves its rights as to any declarations produced.

Accordingly, the Parties ask that discovery be extended twenty-eight days, up to and including January 19, 2024, to allow Plaintiff to complete the Rule 30(b)(6) discovery, and that the Court reset the Rule 23 due date to January 26, 2024.

### Local Rule 3.01(g) Certification

The Parties conferred on December 21 and 22, 2023, and have agreed to this Joint Motion.

Respectfully submitted,

s/ Ryan M. Kelly
Ryan M. Kelly – FL Bar No.: 90110
ANDERSON + WANCA
3701 Algonquin Rd., Suite 500

        Rolling Meadows, IL 60008
Telephone:  847-368-1500
rkelly@andersonwanca.com
*Attorneys for Plaintiff*


s/ Darren C. Jones_____
Joshua R. La Bouef – Lead Counsel
Florida Bar No. 0044400
Darren C. Jones
Florida Bar No. 0099478
BRENNAN MANNA DIAMOND
5210 Belfort Road, Suite 400
Jacksonville, Florida 32256
(904) 366-1500
(904) 366-1501 (facsimile)
Primary:  jrlabouef@bmdpl.com
Primary:  dcjones@bmdpl.com
Secondary: jlbunnell@bmdpl.com
*Attorneys for Defendants*


**CERTIFICATE OF SERVICE**

     I hereby certify that on December 22, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.


        s/ Ryan M. Kelly\_\_\_\_