**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| MARC IRWIN SHARFMAN M.D., P.A., a Florida corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) |
| Plaintiff, | ) Civil Action No: ) 6:22-cv-00642-WWB-DCI |
| v. | ) ) |
| PRECISION IMAGING ST. AUGUSTINE LLC, a Florida limited liability company, and HALO DX, INC., a Delaware corporation, | ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO BAR UNTIMELY DISCOVERY**

Plaintiff Marc Sharfman M.D., P.A., by and through its attorneys, pursuant Federal Rule of Civil Procedure 37(c)(1), hereby moves to bar declarations, and preclude witnesses (declarants) from testifying, that were produced/identified on the last day of discovery (December 22, 2023) by Defendant Precision Imaging St. Augustine LLC ("Precision").[1] In support thereof, Plaintiff states as follows:

1. The underlying case is a putative class action brought pursuant to the Telephone Consumer Protection Act of 1991 ("TCPA" or "Act") 47 U.S.C. 227, *et seq.*, against Defendants Precision and Halo DX, Inc. ("Halo") (collectively, "Defendants"), regarding unsolicited advertisements successfully sent to Plaintiff and the proposed Classes by Defendants through third-party fax broadcaster jBlast on February 9, 15, and

---

[1] It is undisputed that Halo is relying solely on Precision for this defense. Accordingly, Plaintiff addresses its arguments to Precision herein regarding production of documents and disclosure of witnesses, with exceptions noted by the word "Defendants." (*See* Doc. 69-1 at 15, Halo Ans. to Interrog. No. 22)

17, 2022. (*See* Doc. 55-1, SAC at 1-6). On August 9, 2023, this Court entered an order setting December 22, 2023 as both the discovery deadline and the date by which Plaintiff was to submit its Rule 23 motion for class certification. (Doc. 56).

2.     On December 21, 2023, just before the start of its Rule 30(b)(6) deposition, Precision produced two videos ("videos") regarding the application process for Precision's "second" physician's portal—the "eRAD" portal—which purportedly related to Defendants' affirmative defense of prior express permission. (*See* emails from J. La Bouef to R. Kelly, dated Dec. 21, 2023, attached hereto as Exhibit 9).

3.     Thereafter, on December 22, 2023, Precision produced an additional 904 documents, consisting of spreadsheets related to the eRAD portal ("eRad spreadsheets"), and 55 identical declarations, drafted by Precision's attorneys for signature by previously undisclosed witnesses, with no fax numbers referenced, offering after-the-fact conclusory assertions of declarants who claim to have "consent[ed] to receive faxes that could be considered advertisements or marketing regarding the availability and quality of any programs offered by Precision." (*See, e.g.*, Doc. 72-4 at 1 ¶ 8; *see also* emails from J. La Bouef to R. Kelly, dated Dec. 22, 2023, attached hereto as Exhibit 10).

4.     In their opposition to Plaintiff's Rule 23 motion for class certification (Doc. 69), Defendants have submitted twenty-one of these declarations (8 have Bates-stamped numbers, 13 do not), attached to the opposition as Exhibit D. (*See* Doc. 72-4 at 1-42).

## **Precise Relief Requested**

5.     Pursuant to Rule 37(c)(1), the declarations of these undisclosed witnesses should be barred, all statements and portions of motions/memoranda of law in opposition to Plaintiff's Rule 23 motion reliant on the declarations should be barred, and the

declarants should be precluded from offering any testimony in this case.

## Basis of the Relief Requested

6. The remedy set forth in ¶5 above for Defendants' failure to disclose and failure to timely supplement as to the documents and witnesses (the declarants) is automatic and mandatory under Rule 37(c)(1) because these failures are neither substantially justified nor are they harmless, and Plaintiff has been unfairly prejudiced by these untimely disclosures.

## MEMORANDUM OF LAW

### Relevant Background

On May 10, 2022, Defendants served their Rule 26(a)(1) disclosures, attached hereto as Exhibit 1. The disclosures failed to identify any of the declarants as witnesses, and Defendants failed to timely supplement their disclosures to identify the witnesses and provide the subject matter of their testimony.

On June 17, 2022, Defendants served their answers and objections to Plaintiff's first set of interrogatories, attached hereto as Exhibit 2.  In Interrogatory No. 12, Plaintiff asked the following:

> If Defendants contend they had "prior express invitation or permission" from any member of the putative class to send facsimiles, then fully identify each person involved in obtaining such "prior express invitation or permission," all facts supporting the existence of such "prior express invitation or permission," the date(s) on which such "prior express invitation or permission" was obtained, and each person involved in maintaining a log or other record of such "prior express invitation or permission."

(*Id.* at No. 12). In response to Interrogatory No. 12, Defendants stated they had prior express permission "by virtue of Plaintiff's voluntary provision of its fax number in connection with Plaintiff's referral of a patient for imaging services." (*Id.*) Defendants

3

failed to timely supplement their answer to Interrogatory No. 12 to identify the declarants, state the subject matter of their testimony, identify the persons involved in obtaining said permission, and state the date said permission was obtained.

Also on June 17, 2022, Defendants served their answers and objections to Plaintiff's first request for documents, attached hereto as Exhibit 3. Plaintiff asked Defendants to produce "all documents indicating that any person gave prior express permission or invitation to receive facsimile transmissions of any document referred to Request No. 1" (Req. No. 2), and "all documents containing communications with the members of the putative class." (Req. No. 47). Assuming *arguendo* that the declarants are members of the putative class, Defendants failed timely supplement their responses to Request Nos. 2 and 47 to produce the declarations.

On February 23, 2023, Plaintiff served its second set of interrogatories, attached hereto as Exhibit 4. Interrogatory No. 22 asked:

> As to the 4,774 recipients of the February 9, 2022, Fax, the 4,780 recipients of the February 15, 2022, Fax, and the 4,749 recipients of the February 17, 2022, fax (collectively, the "Faxes"), *see* Defendants' Ans. to Interrogatory No. 8, please identify each recipient that you contend provided prior express invitation or permission to be sent the Faxes attached to the Amended Complaint (Doc. 12), *or any other fax advertisements at any time*, by name, contact information, (including at a minimum fax and phone number), and the dates said recipient provided said permission.

(Ex. 4, Interrogatory No. 22) (emphasis added). Interrogatory No. 23 asked:

> As to each recipient identified in response to Interrogatory No. 22, above, describe in detail the manner which you contend each recipient provided prior express invitation of permission to be sent the Faxes attached to the Amended Complaint or any other fax advertisements at any time.

(*Id.*, Interrogatory No. 23).

On August 31, 2023, Precision served its answers and objections to Plaintiff's second set of interrogatories, attached hereto as Exhibit 5. Precision answered

4

Interrogatory No. 22 in part as follows:

> Precision contends that it received prior express permission to send the fax transmissions referenced in Interrogatory No. 22 in a variety of ways, including, but not necessarily limited to no less than one of the following manners (or some combination thereof): (1) the recipient's voluntary provision of their fax number(s) to Precision in connection with a referral of a patient or patients for imaging services; (2) agreeing to receive promotional materials from Precision in connection with the recipient's (or its agent's) creation of a user profile for Precision's physician patient portal; and/or (3) verbal consent provided during direct interactions between recipient and Precision's marketing team wherein the recipient provided permission to send promotional and information communications.

(Ex. 5, Ans. to Interrog. No. 22; *see id.* Ans. Interrog. No. 23 (same)).

On or about September 1, 2023, Precision produced the following Bates-numbered documents and electronic data: (i) Precision_AEO 3119 to 9077, containing prescriptions/referrals for Precision's imaging services (which relate to Precision's claim that the voluntary provision of a fax number during a referral constitutes prior express permission to be sent a fax ad); (ii) Precision_AEO 9078 to 23186, containing *inter alia* Precision's Customer Relationship Management (CRM) data evidencing Precision's "direct interactions" with referring physicians/practices (which relate to Precision's claim that a mere in-house visit somehow constitutes prior express permission, *see infra*); and (iii) Precision_AEO 23187 to 33402, containing user profiles for Precision's physician patient portal applications for Precision's IntelePACS physician portal.

Based on Precision's failure to answer fully Interrogatory Nos. 22 and 23, namely, their failure to identify a single putative class member that provided prior express permission to be sent any fax ad, the date and manner said permission was provided, and who at Precision was involved in obtaining said claimed permission, Plaintiff sought further specific answers and information from Defendants as to Interrogatory Nos. 22 and 23. Following repeated communications between the parties regarding same, on

5

November 27, 2023, Precision served its supplemental responses to Plaintiff's second set of interrogatories. (*See* Doc. 69-1 at 8-12; *see also* Ex. 6). The purported methods by which Precision claimed prior express permission in its supplemental responses were the same as its initial responses, *see supra*, Ex. 5, except this time, Precision also produced an Excel spreadsheet ("Exhibit A"), which purported to provide responsive information as to prior express permission. Precision has attached a redacted version of Exhibit A to its opposition to class certification as Exhibit 3 (parts of which are illegible). (*See* Doc. 72-3, at 1-201). Plaintiff discussed the contents of Exhibit A in its Rule 23 motion. (*See* Doc. 69 at 5-6).

On that same day, November 27, 2023, Plaintiff served its Notice of Rule 30(b)(6) Deposition (for December 8, 2023), which sought corporate testimony regarding Exhibit A, and other testimony regarding permission, including:

> **Topic 2**: Knowledge as to whether any of the persons who were successfully sent the Faxes provided "prior express invitation or permission" to receive advertisements by fax from Defendants prior to the filing of the original Complaint in this action, including:
>
> a. The identity of each person involved in obtaining such permission;
>
> b. The date(s) on which such permission was obtained; and
>
> c. Each person involved in maintaining a log or other record of such permission.
>
> **Topic 3**: Knowledge of the existence of any documents Defendants claim evidence "prior express invitation permission" to send advertisements by fax to those who were successfully sent the Faxes attached hereto prior to the filing of the original Complaint in this action.

(Pl.'s Rule 30(b)(6) Notice, at 2 ¶¶ 2, 3 attached hereto as Exhibit 7).

On December 4, 2023, Defendants' counsel advised that the Rule 30(b)(6) deposition would not proceed on December 8, 2023, because Defendants' counsel was

6

still trying to determine the witnesses with the most knowledge regarding the topics in the Rule 30(b)(6) Notice. Based on the foregoing, Plaintiff on December 7, 2023 filed an unopposed motion for extension of time to January 5, 2024 (from December 22, 2023) to file its Rule 23 motion (Doc. 63), which was granted by the Court (Doc. 64). On December 14, 2023, Plaintiff served an Amended Notice of Rule 30(b)(6) Deposition, attached hereto as Exhibit 8, setting the deposition for December 21, 2023, at 10:00 a.m. EST, and containing the same topics.

The existence of the declarations that are the subject of the instant motion came to light during the December 21, 2023 Precision Rule 30(b)(6) testimony of Melissa Trojnar.[2] When asked whether there were any additional statements, additional declarations (the CEOs of Halo and Precision had each submitted two declarations in the litigation), or any other information that had not been produced, Ms. Trojnar testified that there "might have been declarations from providers stating that we can send faxes to them," that they were "created by our attorneys," and that there were "roughly probably 15, somewhere in that range." (Doc. 69-1 at 107-09, Precision I Dep. at 17:6-19:15). Plaintiff's counsel (W. Solberg) asked if the declarations had been produced (they had not), and then asked that Precision's counsel to produce them. (*Id.* at 19:16-21). Precision's counsel (D. Jones) responded as follows:

> We just recently were in the process of compiling those declarations, and we're happy to shoot you the ones that we do have back. The witness does not have any knowledge concerning whether they have or have not been

---

[2] Josh Hammond, CEO of Precision, and Melissa Trojnar, Director of Marketing for Precision, were each deposed in their individual capacities, and both also served as Rule 30(b)(6) witnesses for Precision. Just as in Plaintiff's Rule 23 motion, Trojnar's individual deposition is cited as "Trojnar Dep. at ___," her testimony on behalf of Precision is cited as "Precision Dep. I." Hammond's individual deposition is cited as "Hammond Dep. at ___," his testimony on behalf of Precision is cited as "Precision Dep. II." II

7

> produced. And obviously it's beyond the scope of what she's being designated for. But I'm happy to get my team to pull them together and provide them. I can tell you that they are declarations that we intend to rely in connection with the class certification process.

(*Id.* at 109-110, Precision Dep. I at 19:22-20:9).

The declarations (and the identity of the declarants) are clearly responsive to Plaintiff's Interrogatory No. 12, Requests to Produce Nos. 2 and 47, Plaintiff's Second Set of Interrogatory Nos. 22 and 23. Also, under Rule 26(e)(1), Defendants were obligated to timely supplement these responses, as well as its Rule 26(a)(1) disclosures, but Defendants did not do so. Contrary to Defense counsel's assertion, Ms. Trojnar was designated to testify to Topics 2 and 3, set forth *supra*, as well as Topic 4, of the Amended Rule 30(b)(6) Notice (which was the same as the original notice). (Doc. 69-1 at 96, Precision Dep. I at 6:6-10). The declarations, the identities of the signatories of the declarations, and the Precision employees who obtained these declarations, all fall within Topics 2 and 3, above.

Precision did not produce the 55 declarations until December 22, 2023, the very last day of discovery. (Exhibit 10). As to the 21 declarations submitted by Defendants with their opposition, Doc. 72-4 at 1-42, the dates of the declarations range from November 21, 2023 (*id.* at 40 of 42), to December 22, 2023 (*id.* at 30 of 42). None of the declarations contain fax numbers, *id.* at 1-42, some do not identify the practice or the beginning of the relationship with Precision, *id.* at 23, 27, some have undated signatures, *id.* at 24, 26, 28, and all are identical regarding claims of "consent." The declarations, and the identity of the declarant witnesses, were required to be disclosed pursuant to Rule 26(a)(1), were responsive to the discovery requests set forth above, and Defendants were required to timely supplement their Rule 26(1) disclosures and other discovery responses as to the

8

foregoing pursuant to Rule 26(e). Defendants failed to do so.

## Argument

**I.    The declarations should be barred, the declarants should be precluded from offering any testimony in this matter, and all references to the declarations and the declarants should be disregarded /stricken.**

Defendants' production of the declarations from undisclosed witnesses on the last day of discovery (December 22, 2023) in support of their affirmative defense of prior express permission is untimely, substantially unjustifiable, harmful, and unfairly prejudicial to Plaintiff. Defendants' actions precluded Plaintiff from fashioning any further discovery regarding the declarants, deposing any of the declarants, deposing the Precision employees involved in obtaining the declarations, and questioning Precision's corporate witnesses regarding the declarations. The remedy for Defendants' violation of their discovery obligations under Rules 26(a)(1) and 26(e) is automatic and mandatory under Rule 37(c)(1), as there is no "substantial justification" for Defendants' untimely disclosures, the untimely disclosures were harmful, and Plaintiff has been unfairly prejudiced by Defendants' failure to timely produce the declarations and identify the declarants. Pursuant to Rule 37(c)(1), the declarations from these undisclosed witnesses, and all statements and portions of motions/memoranda of law in opposition to Plaintiff's Rule 23 motion reliant on this untimely discovery, should be barred, and the declarants should be precluded from offering any testimony in this case.

**A.    The Federal Rules require disclosure and timely supplementation of witnesses, relevant documents, and relevant information; failure to do so results in automatic exclusion unless the unless the non-movant can show the failure was substantially justified or is harmless.**

Rule 26(a)(1)(A)(i)-(ii) requires a party to provide other parties with "the name and, if known, the address and telephone number of each individual likely to have discoverable

9

information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment," and "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii).

Rule 26(e)(1)(A) provides that a party "who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response *in a timely manner* if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A) (emphasis added); *Diamond Resorts Int'l, Inc. v. Aaronson*, 2019 WL 1974833, at *1-*2 (M.D. Fla. Mar. 13, 2019) (same).[3]

Rule 37(c)(1) provides: "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "Substantial justification is justification to a degree that could satisfy a reasonable person that the parties could differ as to whether the party

---

[3] Of note, the mere identification of a witness during discovery is insufficient to relieve a party of its duty to supplement its Rule 26(a)(1)(A) initial disclosures. *Diamond Resorts*, 2019 WL 1974833, at *2. "Rather, the identification of the witness during discovery must have been sufficient to make clear not only that the witness existed and had information, but also that the party intended to use that witness to support its claims or defenses." *Id.* (citation omitted).

was required to comply with the disclosure request." *Certain Underwriters at Lloyd's of London v. Black Gold Marine, Inc.*, 2022 WL 3550294, at *6 (S.D. Fla. Aug. 18, 2022) (quoting *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010)); *Bluestarexpo, Inc. Enis*, 2022 WL 16835934, at *8 (S.D. Fla. Nov. 9, 2022) (same).

The party seeking a Rule 37(c)(1) sanction or exclusion has the burden of demonstrating that a party failed to provide information or identify a witness pursuant to Rule 26(e)(1). *Diamond Resorts*, 2019 WL 1974833, at *2 (citations omitted). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821, 824 (11th Cir. 2009); *Diamond Resorts*, 2019 WL 1974833, at *2 (same); *Certain Underwriters*, 2022 WL 3550294, at *6 (same). "Exclusion is 'automatic' if it was without substantial justification." *Certain Underwriters*, 2022 WL 3550294, at *6 (citing Fed. R. Civ. P. 37(c) advisory committee note).

"In determining whether the failure to disclose is justified, we consider the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Berryman-Dages v. City of Gainsville Fla.*, 2012 WL 1130074, at *2 (N.D. Fla. Apr. 4, 2012) (citing *Lips v. City of Hollywood*, 350 Fed. Appx. 328, 340 (11th Cir. 2009)); *see also Carter v. Howard,* 2023 WL 5668021, at *12 (M.D. Ga. June 6, 2023) (same); *Certain Underwriters*, 2022 WL 3550294, at *6 (same).

Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to documents or witnesses in question." *Berryman-Dages*, 2012 WL 1130074, at *2 (collecting cases);

11

*Bluestarexpo, Inc. Enis*, 2022 WL 16835934, at *8 (S.D. Fla. Nov. 9, 2022) (same); *Certain Underwriters*, 2022 WL 3550294, at *6 (same). "A discovery violation is not harmless if the importance of the information at issue and its late disclosure cause prejudice to the opposing party." *Berryman-Dages*, 2012 WL 1130074, at *2 (citing *Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821 (11th Cir. 2009)); *see also Reed v. Complete Credit Sols., Inc.*, 2023 WL 2931306, at *4 (M.D. Fla. Apr. 13, 2023) (same); *Diamond Resorts*, 2019 WL 1974833, at *4 (finding untimely disclosure of a witness was not harmless where party was unable to depose witness and discovery had closed) (collecting cases)). Defendants' failure to timely disclose the 21 declarants or their declarations is in violation of their discovery obligations, is not substantially justified or harmless, and is extremely prejudicial to Plaintiff.

First, Precision's disclosure of 21 witnesses (declarants), and the production of 21 declarations, on the last day of discovery is untimely under Rule 26(e)(1).[4] *Jordan v. IAP Worldwide Servs., Inc.*, 2019 WL 13152019, at *4 (M.D. Fla. Oct. 23, 2019); *Houston Specialty Ins. Co. v. Vaughn*, 2017 WL 11415012, at *9 (M.D. Fla. July 12, 2017) (finding disclosure of documents on last day of discovery and disclosure of a material witness for first time in response to motion for summary judgment after discovery was closed untimely and recommending preclusion of documents and witness at trial), *R&R Adopted and Incorporated by Reference*, 2017 WL 11415009) (M.D. Fla. Aug. 8, 2017); *RBS Citizens, N.A., v. Husain*, 291 F.R.D. 209, 2014 (N.D. Ill. 2013) (disclosure of a witness two days before discovery cutoff was untimely); *G & G Closed Circuit Events, LLC v. Castillo*, 2016

---

[4] As stated, Defendants disclosed 55 declarations (26 were duplicates) by previously undisclosed witnesses on the last day of discovery (December 22, 2023), 21 of which are offered in opposition to Plaintiff's motion for class certification.

12

WL 3551634, at *7 (N.D. Ill. June 30, 2016) (supplemental disclosure of 19 potential trial witnesses 21 days before the discovery cutoff was untimely); *Carley v. Crest Pumping Technologies, LLC*, 2016 WL 8849697, at *7 (W.D. Tex. Aug. 21, 2016) (finding disclosure of witness on last day untimely under Fed. R. Civ. P. 26(e)); *Lopez v. United Parcel Service General Service Corp.*, 2006 WL 2006 WL 8441568, at * (D. Nev. Jan. 19, 2006) (party may not wait until the last day of discovery to disclose the identity of witnesses or documents that the party reasonably knows it may use in support of its claims or defenses).

Second, there is no substantial justification for the untimely disclosure of the declarations and the declarants. The assertion that, as of December 21, 2023 (the date of the Rule 30(b)(6) deposition), Defendants "just recently were in the process of compiling" the declarations, and that Defendants "intend to rely" on the declarations "in connection with the class certification process," belies any claim of substantial justification. (Doc. 69-1 at 109-110, Precision Dep. I at 19:22-20:9).[5] Defendants have known the identity of those successfully sent the Faxes since at least June 17, 2022, well before the declarants were identified as witnesses and the declarations produced. (*See* Ex. 2, Defs.' Ans. Interrog. No. 8). Waiting until the last day of discovery to identity the declarants and produce the declarations that Defendants intended to (and did) rely on regarding their affirmative defense of prior express permission, was a risky tactical choice; it cannot and does not constitute substantial justification for their actions here. *See G &*

---

[5] Even then, Plaintiff did not immediately default to a Rule 37(c)(1) motion to bar the declarants and the declarations but instead joined in a motion to extend the discovery cutoff, but that motion was denied by the Court. *See* Doc. 66.

13

*G Closed Circuit*, 2016 WL 3551634, at *8) (litigants must live with the consequences of their tactical choices) (citation omitted).

Third, the untimely production has prejudiced and has harmed Plaintiff. Defendants' actions precluded Plaintiff from deposing the declarants, deposing the Precision employees involved in obtaining the declarations, and questioning Precision's Rule 30(b)(6) witnesses on such topics as: (i) when and how was this purported "consent" to receive faxes "that could be considered advertising or marketing" provided (ii) to whom was this consent provided; (iii) which Precision employees were involved in obtaining the declarations, (iv) what was said during these communications, (v) was there a script that was followed as to these communications and if so what was it, and were there notes regarding said communications, (vi) when did these communications take place, (vii) were the declarants told of the TCPA and of the statutory damages available if Precision was found to have violated the TCPA, and (viii) what documents were the declarants and Precision referencing regarding "consent to receive faxes that could be considered advertisements or marketing regarding the availability and quality of any programs offered by Precision."

Case law is replete with decisions precluding untimely disclosed witnesses from testifying, and barring/striking untimely produced declarations and untimely produced documents. In *Carter,* 2023 WL 5668021, at *12-*13, where the plaintiff failed to disclose the identity of declarants or produce their declarations during discovery (the declarations were produced in opposition to summary judgment), the court excluded the declarations pursuant to Rule 37(c)(1), stating:

> In sum, it appears to be undisputed that Plaintiff *failed to identify the Declarants or produce the Declarations during discovery*, and the Court

14

> finds that the Plaintiff has failed to demonstrate that the failure was either "substantially justified" or "harmless." See Fed. R. Civ. P. 37(c)(1). Thus, under Rule 37(c)(1), the Plaintiff is precluded from relying on the Allen Declaration or the Robinson Declaration as evidence in support of her response to Defendant's Amended Motion for Summary Judgment, and the Court must exclude the Declarations from consideration.

*Id.* at *14 (emphasis added); *see also Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005) (per curiam) (unpublished) ("Accordingly, we conclude that the district court ... did not abuse its discretion in granting [defendant's] motions to strike discovery [declarations] that either was from witnesses that were undisclosed previously, or was produced after the discovery deadline") (emphasis added); *Johnson v. Gwinnett Cty. Sch. Dist.*, 2012 WL 5987584, at *2 (N.D. Ga. Oct. 17, 2012) (barring affidavit and documents related thereto where affiant and documents related thereto were not initially disclosed or supplemented), *adopted by* 2012 WL 5987581 (N.D. Ga. Nov. 28, 2012); *Reed*, 2023 WL 2931306, at *4 (granting motion to strike documents produced for first time at summary judgment and stating "a discovery violation is not harmless if the importance of the information at issue and its late disclosure causes prejudice to the opposing party"); *Lawver v. Hillcrest Hospice, Inc.*, 300 Fed. Appx. 768, 770 (11th Cir. 2008) (affirming magistrate judge's decision to strike declaration where party (Lawver) did not disclose witness in initial disclosure or in response to interrogatory asking for names of witnesses with knowledge and did not supplement disclosures to identify witness).

In *Jones v. Aaron's Time*, 748 Fed. Appx. 907 (11th Cir. 2018), the Eleventh Circuit affirmed the district court's decision to bar declarations from witnesses named on the last day of discovery (July 11, 2016), stating:

> Here, Jone's [plaintiff] initial disclosures did not list Piper and Carter as witnesses. In fact, Jones did not list Piper and Carter as witnesses until July

15

> 11, 2016, which was the last day of discovery. Thus, Aaron's [defendant] had no opportunity to depose Piper and Carter about the contents of their declarations or conduct any other discovery as to them. Under these circumstances, Jone's failure to identify Piper and Carter in her initial disclosures cannot be said to be harmless. Further, given that these declarations were dated May 26 and June 13 and thus available before July 11, Jones has not shown that her failure was substantially justified or that the district court abused its discretion when it excluded Piper's and Carter's declarations.

*Id.* at 914.

In sum, Defendants failed to timely identify the declarant witnesses and failed to timely produce the declarations. Defendants have no substantial justification for failing to do so, the failure was harmful, the information (the declarations) was important, and Plaintiff has been unfairly prejudiced. Accordingly, exclusion of the declarations, and preclusion of the declarants from testifying in this matter, is "automatic and mandatory." *Certain Underwriters*, 2022 WL 3550294, at *6 (citing Fed. R. Civ. P. 37(c) advisory committee note).

Finally, Plaintiff notes that in *Sharfman v. Infucare*, 2022 WL 18926792, at *16 n. 31 (M.D. Fla. Nov. 16, 2022), plaintiff (represented by the same attorneys here) argued that a declaration created after the close of discovery (the Davis declaration) should be barred because, among other things, it was untimely. The Court disagreed, stating:

> Plaintiff argues, in part, in the Reply that Ms. Davis' declaration should be disregarded as untimely. Plaintiff states that Defendants are seeking to "manufacture evidence" after the close of discovery and after Plaintiff's Rule 23 motion. The undersigned is unaware of—and Plaintiff does not cite—any rule of procedure that would prohibit the use of a declaration in support of a response to a motion to certify class even after the close of discovery as the undersigned does not deem it discovery.

2022 WL 18926792, at *16 n.31. In overruling Plaintiff's objection to the Magistrate Judge's Report and Recommendation, the district court agreed that plaintiff failed to provide the Court with any legal authority prohibiting the Davis declaration as untimely—

16

"the Court is unaware of any rule of procedure prohibiting the use of a declaration in response to a motion for class certification created after the close of discovery." *Sharfman v. Infucare*, 2023 WL 2624754, at (M.D. Fla. Mar. 24, 2023). With these propositions, as applied to the instant case, Plaintiff respectfully disagrees.

The discovery cutoff in this case was December 22, 2023, and the Court has denied an extension, *see* Doc. 66, meaning discovery is over. It is respectfully submitted that the rules of procedure that bar the use of untimely produced information, including the declarations at issue here, and preclude untimely disclosed witnesses (declarants) from testifying, are Rules 26(e) and Rule 37(c)(1) of the Federal Rules of Civil Procedure, discussed in detail above. The declarations contain new (and responsive) information from previously unidentified witness—the claim that they purportedly provided "consent" "to receive faxes that could be considered advertisements or marketing regarding the availability and quality of any programs offered by Precision." (*See, e.g.*, Doc. 72-4 at 1 ¶ 8). The Eleventh Circuit and other authorities set forth above make clear that the failure to timely supplement Rule 26(a)(1) disclosures, answers to interrogatories, and requests to produce makes such disclosures, documents, declarations, and witnesses subject to being barred/stricken/excluded under Rule 37(c)(1). That is exactly the relief sought by Plaintiff here for the reasons stated above: to bar/exclude/strike the declarations of these untimely disclosed witnesses and all statements and portions of motions/memoranda of law in opposition to Plaintiff's Rule 23 motion reliant upon them, and to bar/preclude these untimely disclosed witnesses be from offering any testimony in this case.

## Conclusion

WHEREFORE, for the reasons stated herein, Plaintiff requests that the Court enter

an order barring the declarations of these undisclosed witnesses and all statements and portions of motions/memoranda of law in opposition to Plaintiff's Rule 23 motion reliant upon them, and excluding the declarants from offering any testimony in this case.

(**Local Rule 3.01(g) Certification):** Pursuant to Local Rule 3.01(g), Plaintiff's counsel conferred with opposing counsel by e-mail regarding the relief sought. Defendants object to the relief sought in this motion.

Dated: February 7, 2024

                                      Respectfully submitted,

                                      MARC IRWIN SHARFMAN, M.D., P.A.,
individually and as the representative of a class of similarly-situated persons.

By: /s/ Wallace C. Solberg
Wallace C. Solberg – *admitted pro hac vice*
Ryan M. Kelly – Florida Bar No. 90110
ANDERSON + WANCA
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
Telephone:  847-368-1500
wsolberg@andersonwanca.com
rkelly@andersonwanca.com

,

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 7, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                          s/Wallace C. Solberg