UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MARC IRWIN SHARFMAN, M.D., P.A., a Florida corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) |
| Plaintiff, | ) Case No: 6:22-cv-00642-WWB-DCI ) ) |
| v. | ) **CLASS ACTION** ) |
| PRECISION IMAGING ST. AUGUSTINE LLC, a Florida limited liability company, and HALO DX, INC., a Delaware corporation, | ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION TO BAR UNTIMELY DISCOVERY**

Ryan M. Kelly – FL Bar No.: 90110
Wallace C. Solberg – *Admitted Pro Hac Vice*
ANDERSON + WANCA
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
Telephone: 847-368-1500
rkelly@andersonwanca.com
wsolberg@andersonwanca.com

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO BAR**

Plaintiff addresses arguments made by Defendants in their response in opposition to Plaintiff's motion to bar untimely discovery, *see* Doc. 86, on an item-by-item basis.

**Rule 26(a)(1) Disclosure.** Defendants argue that they "disclosed" the declarants for purposes of Rule 26(a)(1) through production on September 22, 2022, of a document called "Practice Tracker," which purportedly contains approximately 1,250 "active practices" and which Defendants claim contains "the same medical practices that Defendants contend granted prior express permission to send information during in-person marketing visit." (Doc. 86 at 3, 11).[1] Practice Tracker contains no declarant names, and Defendants have steadfastly declined to connect any declaration or declarant with a fax number. (*See* Doc. 72-4 at 1-42). That is not disclosure as a matter of law. *See* Doc. 78 at 10, n.3 (citing *Diamond Resorts, Int'l, v. Aaronson*, 2019 WL 1974833, at *2 (M.D. Fla. Mar. 13, 2019)). The "mere identification" during discovery (which there wasn't here) of a witness is insufficient. Instead, as this Cout has stated, the identification "must have been sufficient to make clear not only that the witness existed and had information, but also that the party intended to use that witness to support its claims or defenses." (*Id.*) Defendants' citation to *Superior Consulting Servs., Inc. v Shaklee Corp.*, 2018 WL 1474184, at *3-*4 (M.D. Fla. Mar. 7, 2018), to support of their "disclosure argument," *see* Doc. 86 at 11, neglects to note that *Shaklee* similarly stated that the "mere knowledge of

---

[1] Defendants' opposition is riddled with gratuitous and erroneous claims regarding prior express permission ("PEP") (and the discovery process related thereto), and this is one of them. Defendants' "in-person" visit claim consists of 970 practices, *see* Doc. 69 at 6, but Defendants, who admittedly had a policy of not sending fax ads, *see* Doc. 69 at 5, Doc. 79 at 6, have yet to identify a single practice that provided PEP during such a visit, even though their CRM records were electronically searchable. (*See* Doc. 69 at 6-7; Doc.79 at 7).

the existence of a witness is insufficient to alert the party that the opposing might call the witness in support of their claims or defenses." *Shaklee*, 2018 WL 1474184, at *3. Indeed, this Court cited *Shaklee* for that very proposition. *Diamond Resorts*, 2019 WL 1974833, at *2. Defendants further undermine their claim of prior disclosure in that Defense counsel claims not to have known the identity of all the physician practice groups who signed the declarations until the last day of discovery. *See* Doc. 86 at 12.

**Rule 37(c)(1) substantial justification**. Defendants argue that their last-day-of-discovery (December 22, 2023) disclosure of the declarations is "justified," and merely a "technical violation" for Rule 37(c)(1) purposes, because the "forms" drafted by Defense counsel, *i.e.*, the declarations, were "distributed" to "the marketing team" in November 2023 "for consideration" by referring physicians during their weekly in-office visits with Precision (and thus cannot be PEP), but were not received back by Defense counsel until December 11, 2023 (nine forms), and December 21, 2023 (the remainder of the forms), and that this somehow justifies Defendants' untimely disclosures. (Doc. 86 at 7-8, 12-13).

Defendants' argument is disconnected from the self-created reality that Defendants chose to wait until sometime in November (with a December 21 discovery cutoff date) to even begin their attempt to harvest their attorney-written after-the-fact "forms," which necessarily contradict Rule 30(b)(6) testimony that Precision had a policy of not sending fax ads. *See* Doc. 69 at 5. Continuing with their "beyond our control/innocent bystander" construct, Defendants "submit that any failure to disclose this information sooner is justified under the circumstances because the information was learned very close in time to its disclosure (which just happened to be the same day discovery closed.)" (Doc. 86 at 12-13). Again, Defendants simply ignore that they created

2

the "circumstances" upon which they now attempt to rely to justify their untimely production. Defendants' "explanation" is no explanation at all but was instead a tactical choice by Defendants that comes nowhere close to satisfying the "reasonable person" test for "substantial justification." (*See* Doc. 78 at 10-11). Even then, Defendants had nine of ***identical*** declarations in hand ten days (December 11, 2023) before the Rule 30(b)(6) deposition (December 21, 2023), but failed to produce them or explain that failure.

Defendants attempt to downplay the importance of the declarations by stating they merely "corroborate" Defendants' contention that Plaintiff cannot establish Rule 23(b)(3) predominance, that the declarants are "insignificant" as to Plaintiff's "claims," and that "the declarations are not of such critical significance that Defendants' failure to produce them sooner will have any significant impact on the Court's determination of the issues in this case or the ultimate outcome at trial." (Doc. 86 at 13). Putting to one side the obvious—if the declarations are "insignificant," then Defendants should withdraw them—Defendants undercut their own argument by admitting they seek to use the declarations to attack to predominance regarding PEP, and that they "intend to rely on" the declarations "in connection with the class certification process." (Doc. 78 at 8). Defendants continue to ignore that Plaintiff established at the Rule 30(b)(6) deposition of Precision that Defendants' "voluntary provision," "portal user," and "variety of ways" arguments regarding PEP are classwide issues which can be decided with "generalized evidence" as they are based *solely on the provision of a fax number, and nothing else*. (*See* Doc. 79 at 5-10). As to in-person visits, Defendants cannot manufacture individual issues by claiming individual testimony is required to corroborate what is otherwise a common theory. *Hand v. Beach Entertainment*, 456 F. Supp. 3d 1099, 1149-50 (W.D. Mo. 2020).

3

Not only are the 970 "in-house" visits excluded from alternative Class B, Plaintiff has established there is no PEP as to those 970 practices, making that evidence "generalized evidence" as well. (*See supra* at 1 n.1).

As to the prejudice/harm caused by Defendants' late disclosures, Defendants claim Plaintiff had "every opportunity to ask many of its proposed questions" of Precision's Rule 30(b)(6) witnesses, *see* Doc. 78 at 14, "but chose not to, instead opting to continue the deposition on the hope the Court extended the discovery cutoff." (Doc. 86 at 14). That statement is untrue; the declarations were not produced until after the Rule 30(b)(6) deposition. As a result of Defendants' late disclosures, Plaintiff was precluded from deposing Precision (or the Precision employees involved) regarding declaration gathering, including the "proposed questions" referenced above, *see also* Doc. 78 at 14, and was also precluded from fashioning any further discovery regarding that process. That is prejudice and harm. (*See* Doc. 78 at 11-12, 14-17). Defendants' gratuitous Rule 23(b)(3) assertion that they "merely have to proffer evidence to show that its prior express permission defense is not based on speculation and conjecture," Doc. 86 at 13, misunderstands Plaintiff's just-stated Rule 23 burden, *i.e.*, "generalized evidence." *See supra* at 3, 4.

Finally, Defendants' "hope the Court extends discovery" gambit ignores that it was Defendants who realized their discovery failure was problematic, and it was Defendants who initially drafted a motion to extend the discovery cutoff date, unacceptably asserting that "the parties became aware of the existence of certain documents and materials that Defendants had inadvertently not disclosed," and asking if Plaintiff objected to the requested relief. (*See* email chain between D. Jones to R. Kelly/W. Solberg, dated

4

12/21/2023, attached hereto as Exhibit 1). Plaintiff did object to that content and redrafted the motion, which was subsequently denied. Defendants' recasting of that circumstance does not salvage their already unsupportable arguments.

**Other arguments.** Cognizant they cannot justify their sandbagging of Plaintiff under Rule 37(c)(1), Defendants obfuscate, arguing that Plaintiff made no attempt to conduct third-party discovery as to the referral sources, *see* Doc. 86 at 14, that Plaintiff waited until February 27, 2023, to discuss with Defendants their discovery responses as to PEP, *id.* at 3, and that Plaintiff did not challenge objections to discovery, *id.* at 10. Those assertions are red herrings, and have nothing to do with Defendants' untimely disclosures, and further, Defendants misread the record. Defendants did not even begin their declaration hunt until November 2023. Defendants had maintained since June 17, 2022, that they obtained PEP ***only*** through the provision of fax numbers by referring physicians (generalized evidence), a position that changed on August 31, 2023. (*See* Doc. 86-1 at 1; Doc. 86-2 at 7-8; *see also* Defs.' Ans to First Set of Interrogs., attached as Exhibit 2, at 5-6, Nos. 11-12). Defendants did not provide their supplemental answers until November 27, 2023, whereupon Plaintiff immediately scheduled and rescheduled (at Defendants' request) the Rule 30(b)(6) deposition and obtained yet additional (and binding) evidence that PEP can be decided with "generalized evidence."

In sum, Defendants come nowhere close to establishing "substantial justification" for their late disclosures, and Plaintiff was indisputably harmed. Accordingly, barring the declarations and excluding the declarants is automatic. (*See* Doc. 78 at 11).

Respectfully submitted,

MARC IRWIN SHARFMAN, M.D., P.A.,
individually and as the representative of a class

5

        of similarly-situated persons.
        By: /s/ Wallace C. Solberg
        Wallace C. Solberg – *admitted pro hac vice*
        Ryan M. Kelly – Florida Bar No. 90110

        ANDERSON + WANCA
        3701 Algonquin Rd., Suite 500
        Rolling Meadows, IL 60008
        Telephone:  847-368-1500
        rkelly@andersonwanca.com
        wsolberg@andersonwanca.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on March 1, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

        By:  /s/ Wallace C. Solberg
          Wallace C. Solberg