# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARC IRWIN SHARFMAN M.D. P.A.,**

    **Plaintiff,**

v.                                                   **Case No: 6:22-cv-642-WWB-DCI**

**PRECISION IMAGING ST.
AUGUSTINE LLC and HALO DX, INC.,**

    **Defendants.**

## ORDER

This cause comes before the Court for consideration following oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion to Bar Untimely Discovery (Doc. 78)** |
| **FILED:** | **February 7, 2024** |
| **MOTION:** | **Defendants' Opposed Motion to Amend Case Management and Scheduling Order to Allow Limited Discovery Period (Doc. 103)** |
| **FILED:** | **May 6, 2024** |

**THEREON** it is **ORDERED** that the motions are **DENIED**.

### I.  Background

The underlying case is a putative class action brought pursuant to the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227, *et seq.*, against Defendants Precision Imaging St. Augustine LLC (Precision) and Halo DX, Inc. (Halo) (collectively, Defendants). Plaintiff, on

behalf of himself and others similarly situated, alleges that he received unsolicited fax advertisements on February 9, 15, and 17 of 2022. *See* Doc. 55-1. On August 9, 2023, the Court entered an order setting December 22, 2023, as both the discovery deadline and the date by which Plaintiff was to submit its Rule 23 motion for class certification. Doc. 56.

On December 21, 2023, prior to the start of its Rule 30(b)(6) deposition, Plaintiff alleges that Precision produced two videos regarding the application process for Precision's "eRAD portal" which purportedly related to Defendants' affirmative defense of prior express permission. The next day, on the final day of discovery, Precision produced an additional 904 documents, consisting of spreadsheets related to the eRAD portal and 55 identical declarations that affirmed that certain physician practices consented to receive faxes. *See* Doc. 72-4. In Defendants' opposition to Plaintiff's Rule 23 motion for class certification, Defendants have submitted 21 of the 55 declarations in support of their prior express permission defense. *Id.*

In the present Motion to Bar Untimely Discovery (Doc. 78, the Motion), Plaintiff contends that Defendants failed to disclose the declarants in their initial Rule 26 disclosures, or alternatively, failed to supplement their Rule 26 disclosures in a timely manner once Defendants were made aware of the declarants. *See* Doc. 78 at 9-17. In opposition, Defendants contend that, early in the discovery period, they provided a "Practice Tracker" containing certain physician practices that Defendants contend gave prior express permission to receive the faxes at issue in this case.[1] Defendants argue that providing this Practice Tracker, as well as a spreadsheet attached as Exhibit

---

[1] Concurrently with Defendants' response in opposition to the Motion, Defendants filed a motion for leave to file documents under seal. Doc. 85. The Court granted that motion (Doc. 94), and Defendants filed the "Practice Tracker" (Doc. 95) and a copy of Exhibit A to Defendants' Answers to Plaintiff's Interrogatory No. 22 (Doc. 96) under seal.

A to Defendants' answers to Interrogatory No. 22, satisfied their requirements under Rule 26. *See* Doc. 86 at 9-12.

Also pending before the Court is Defendants' Motion to Amend Case Management and Scheduling Order to Allow Limited Discovery Period. Doc. 103. Plaintiff has filed a response in opposition to the motion to amend the CMSO. Doc. 105.

On May 15, 2024, the Court held an in-person hearing to allow argument by the parties regarding the Motion. Considering the record made at the hearing, and for the reasons stated herein, the Motions are **DENIED**.

## II.     Legal Standard

Rule 26(a)(1)(A) provides, in part, that a party must, without waiting for a discovery request, provide to the other parties "the name and, if known address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(e)(1)(A) provides as follows:

> A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response: in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Whether or not additional or corrective information was otherwise made known during discovery "must be examined on a case-by-case basis in light of the underlying facts." *Superior Consulting Servs., Inc. v. Shaklee Corp.*, 6:16-cv-2001-Orl-31GJK, 2018 WL 1474184, at *3 (M.D. Fla. Mar. 7, 2018), *report and recommendation adopted*, 2018 WL 1470371 (M.D. Fla. Mar. 26, 2018). The moving party bears the burden of demonstrating that the additional or corrective information had not otherwise been made known to the other parties during discovery.

- 3 -

*See Johnson v. R.J. Reynolds Tobacco Co.*, 2014 WL 1930392, at *2 (M.D. Fla. May 14, 2014) ("The burden of establishing that [a party] failed to provide information pursuant to Rule 26(e) rests with . . . the party seeking the Rule 37 sanction of exclusion."); *Signature Pharmacy, Inc. v. Soares*, 2012 WL 4815726, *3 (M.D. Fla. Oct. 10, 2012) (similar); *Hooker v. Fulton Cty., Ga.*, 2006 WL 2617142, at *4 (N.D. Ga. Sept. 12, 2006) (similar).

If a party fails to comply with Rule 26(e)(1)(A), then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). "Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there is a genuine dispute concerning compliance." *Hill v. Allianz Life Ins. Co. of N. Am.*, 2016 WL 7228748, at *4 (M.D. Fla. Jan. 20, 2016) (quotations omitted). "A failure to make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure." *Coach, Inc. v. Visitors Flea Market, LLC*, 2014 WL 631694, at *3 (M.D. Fla. Feb. 18, 2014) (quotation omitted).

### III. Discussion

Defendants contend that by providing Plaintiff with the Practice Tracker and the spreadsheet attached to Interrogatory No. 22 they complied with the initial disclosure requirements of Rule 26(a)(1) as to the individuals who eventually became the declarants. Doc. 86 at 9-12. The Court disagrees.

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires a party to disclose "the name . . . of each individual likely to have discoverable information[,] along with the subjects of that information[,] that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."  Critically, and as Defendants conceded at the hearing, the Practice Tracker and spreadsheet do not necessarily contain the names of the individual declarants, nor do they include the subjects of the information those declarants may provide.  The documents (Docs. 95, 96) contain thousands of fax numbers and physician practice groups that allegedly consented to receive faxes at some point in the past.  The mere act of turning over these documents, without providing the names of potential witnesses or declarants, nor the subject matter of their testimony, does not meet the standard of Rule 26(a)(1).  *See Phillips v. Delta Air Lines*, 2021 WL 6750538, at *2 (S.D. Fla. Nov. 18, 2021) ("Conveying a generalized interest in developing the testimony of a group comprised of possibly hundreds of individuals plainly does not comply with the dictates of Rule 26(a), which requires names, specific contact information, and the subject matter of discoverable information.") (citing Fed. R. Civ. P. 26(a)(1)(A)(i)).

However, Plaintiff's contention that Defendants' disclosure of the declarants at issue was untimely is without merit.  Plaintiff does not provide any support for the proposition that a party has a duty to disclose the identity of declarants before that party knows the identity of the declarants—in fact, such a rule would be illogical as one cannot disclose information they do not know.  Here, Defendants obtained the declarations by sending members of their corporate marketing team to physician practices with standard forms to secure evidence that the practice, as a corporate entity, consented.  Defendants did not know the identities of the individual declarants until they received the signed declarations back.  Once Defendants learned the identities of the declarants, Defendants were under an obligation to disclose those declarants within the discovery

period—and they did that. Plaintiff argues that the disclosure of these declarations on the final day of discovery somehow violates the Rules, but Plaintiff did not point to any case law or rule of procedure that supports the position that a party has an obligation to investigate and discover any potential declarant *before* the discovery period expires. *See Graley v. TZ Insurance Solutions, LLC*, 2016 WL 4595066, at *4 (M.D. Fla. Sep. 2, 2016) ("Although Rule 26(a)(1)(A)(i) requires disclosure of the identity of individuals with discoverable information 'along with the subjects of that information,' Defendant has not provided any case law to suggest to what extent Plaintiff must investigate the individuals prior to disclosing the subject of their information in full and complete details."). Federal Rule of Civil Procedure 26(e)(1)(A) requires a party to supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." By disclosing the declarations on the final day of discovery, Defendants complied with the requirements of Rule 26. Additionally, this Court has previously denied a similar request by the same Plaintiff (and the same attorneys) in *Sharfman v. Infucare*, 2022 WL 18926792 (M.D. Fla. Nov. 16, 2022). There, the Court explained that "[t]he undersigned is unaware of—and Plaintiff does not cite—any rule of procedure that would prohibit the use of a declaration in support of a response to a motion to certify class even after the close of discovery as the undersigned does not deem it discovery." *Infucare*, 2022 WL 18926792, at *16 n. 31. Here, the Court is not presented with a situation, like in *Infucare*, in which the declarations were disclosed *after* the close of discovery—presently, Defendants disclosed the declarations within the discovery period. In other words, Plaintiff—the moving party—has provided no authority for the proposition that Defendant had an obligation to discover the identity of potential witnesses *earlier* in the discovery period.

Especially, in a case such as this, where Defendants timely disclosed the names of the practice groups it asserted provided prior express permission and, thus, the parties were on equivalent footing concerning the burden of discovering the identity of individuals with knowledge such as the declarants. Accordingly, the Court finds that Defendants' disclosure of the declarants and their declarations was timely.[2]

Even assuming the Court agreed with Plaintiff that the disclosures were untimely, the Court finds that any untimeliness by Defendant was substantially justified and harmless. Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26[,] the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified *or* is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added). "Because Rule 37(c) operates in the disjunctive," the Court must determine whether any failure was either substantially justified *or* harmless. *Nat'l Union Fire Ins. Co. of Pittsburgh v. All Am. Freight, Inc.*, 2016 WL 633710, at *6 (S.D. Fla. Feb. 17, 2016); *see also Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) ("Canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings, unless the context dictates otherwise."). Far from there being an "automatic" sanction of exclusion in Rule 37(c)(1) as Plaintiff doggedly argued, exclusion is not appropriate if the Court finds that the failure was harmless, or if the Court finds that the failure was substantially justified.

---

[2] The Court notes that Plaintiff also asserts in the Motion that the declarations should be stricken because they were responsive to discovery requests but not disclosed pursuant to those requests. The Court finds that this argument is without merit. Defendants posed valid objections to the discovery requests at issue and Plaintiff never sought relief from the Court in relation to those objections. Further, as noted already, Defendants did not have the declarations or even know the identities of the declarants until—at the earliest—eleven days prior to their disclosure. Accordingly, even if Defendants had an obligation to supplement their discovery responses pursuant to Rule 26(e), the disclosure of the declarations discharged that obligation.

And, even if the Court found that the failure was neither harmless nor substantially justified, Rule 37(c)(1) appears to allow the Court to impose a litany of sanctions "[i]n addition to or instead of" the sanction of exclusion. *See also Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 593 (11th Cir. 2019) ("Rule 37 gives a trial court discretion to decide how best to respond to a litigant's failure to make a required disclosure under Rule 26."); *c.f. Crawford v. ITW Food Equip. Grp., LLC*, 977 F.3d 1331, 1342 (11th Cir. 2020) ("we express no opinion on an issue that has split the circuits – i.e., whether or not, even in the absence of substantial justification or harmlessness, the fact of an untimely disclosure under Rule 26 automatically requires exclusion of the evidence rather than one of the 'other appropriate sanctions' suggested in Rule 37(c)(1)(C).").

Here, there is a genuine dispute concerning compliance because Plaintiff can provide no authority for the proposition that Defendants were obligated to disclose the declarants earlier in the discovery period. It appears undisputed that Defendants were actually unaware of the identity of the declarants until—at the earliest—eleven days prior to the close of discovery. *See* Doc. 86 at 12. It is also undisputed that Defendants disclosed those declarants within the discovery period, albeit on the final day of discovery. It is Plaintiff's argument that Defendants were under a legal obligation to affirmatively investigate and learn the information that they did not know—i.e. the identities of the declarants—and to secure the declarations at an unspecified earlier time within the discovery period. Plaintiff supported that specific position with no legal authority, instead pointing to caselaw for the pedestrian proposition that discovery must be timely disclosed. But a party can only disclose what it knows. The question here is not simply timely disclosure, it is whether there is an obligation for an earlier investigation and, thus, an earlier disclosure. Here, the disclosure at issue, even if untimely, was substantially justified. Defendants learned of the declarants' identities and obtained the declarations, at the earliest, eleven days prior to disclosure and within the

discovery period. Though there are insinuations of gamesmanship, there is no evidence that Defendants did anything untoward. To the contrary, it appears that Defendants acted with haste to shore up their response to a motion for class certification within the permitted discovery period. Accordingly, the Court finds that to the extent there was an untimely disclosure, Plaintiff's position was substantially justified.

Turning to harmlessness, the Eleventh Circuit has not established a precise definition of the term. *See Crawford*, 977 F.3d at 1342 n. 4. District courts have therefore resorted to a factor-based test that weighs: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *Gulfpoint Constr. Co., Inc. v. Westfield Ins. Co.*, 2023 WL 3304261, at *1 (M.D. Fla. May 7, 2023); *see also Sanguinett v. Ramboski*, 2024 WL 167265, at *2 (M.D. Fla. Jan. 16, 2024).

In weighing the above factors, the Court finds that any untimeliness by Defendants was harmless. First, there is little surprise to Plaintiff as to the subject matter of the declarations. Plaintiff was made aware that Defendants would raise a prior express permission defense throughout discovery. Therefore, it should come as no surprise that there are declarants willing to testify that certain physician groups consented to receive fax advertisements. Second, to the extent there is surprise, there is no ability to cure that surprise absent allowing some extension of the discovery period.[3] Third, there is no evidence proffered by either side that proposes allowing the

---

[3] In fact, at the hearing, the Court posed the potential remedy of re-opening discovery for the limited purpose of allowing Plaintiff to depose the declarants at issue. Plaintiff stated that it was opposed to this remedy and does not wish to depose the declarants. Additionally, Defendants have filed a motion to allow limited discovery, which Plaintiff also opposes. Docs. 103, 105.

declarations would disrupt the trial. Fourth, Defendants are not solely relying on the declarations to support their prior express permission defense. In Defendants' Response in Opposition to Class Certification, Defendants point to various depositions and interrogatories that they allege support their defense. *See* Doc. 72 at 5-7. Therefore, while the declarations are important to the pending class certification decision, the declarations are not the sole evidence in support of Defendants' defense. Accordingly, the Court finds that any untimeliness by Defendants was harmless. Therefore, because the alleged error was both substantially justified and harmless, there is no basis for the sanction of exclusion under Rule 37.

Additionally, if sanctions were appropriate, the Court may consider lesser sanctions, other than exclusion of the declarations, under Rule 37(c)(1). *See Treminio v. Crowley Maritime Corp.*, 2024 WL 1075433, at *9 (M. D. Fla. Mar. 12, 2024) (allowing defendant to re-depose plaintiff and take additional discovery under Rule 37); *Go Mobile Flooring, LLC v. Blue Banyan Solutions, Inc.*, 663 F. Supp. 3d 1294, 1307 (M.D. Fla. Mar. 23, 2023) (allowing plaintiff to cure Rule 26 violation by amending its disclosures); *Crawford*, 977 F.3d at 1342 n.4 (declining to address "whether[,] even in the absence of substantial justification or harmlessness, the fact of an untimely disclosure under Rule 26 automatically requires exclusion of the evidence rather than one of the 'other appropriate sanctions' suggested in Rule 37(c)(1)(C)."); *see also Legion Systems, LLC v. Valiant Global Defense Services, Inc.*, 2022 WL 18493478, at *5 (M.D. Fla. Dec. 22, 2022) ("In sum, the Court finds that any prejudice suffered by Defendant as a result of Plaintiff's alleged untimely disclosure can and should be ameliorated through a limited re-opening of discovery.") (citation omitted). However, because the Court finds that the disclosures were timely, and that even if they were not, they were substantially justified and harmless, the Court declines to sanction Defendants in any respect. Additionally, Plaintiff has expressed opposition to the Court re-opening

discovery for the limited purpose of deposing some of the declarants. Accordingly, the Court declines to exclude the declarations under Rule 37 and declines to impose any other lesser sanctions pursuant to Rule 37.

Finally, the Court denies Defendants' motion to amend the CMSO to allow limited discovery. Doc. 103. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A party demonstrates good cause only if, despite its diligence, the party cannot meet the deadline. *See Denson v. Kinney*, 2023 WL 2914512, at *2 (M.D. Fla. Apr. 12, 2023); *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)). Additionally, a party must also show excusable neglect for not moving to extend a deadline before it expired. *Denson*, 2023 WL 2914512, at *2 (citing Fed. R. Civ. P. 6(b)(1)). The CMSO in this case provides that "[m]otions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored." Doc. 15 at 5. Defendants fail to make any mention of the requisite "diligence" required under Rule 16—Defendants' motion does not allege that despite Defendants' diligence, they cannot have met the deadline. Instead, it appears that Defendants' motivation in extending the discovery period is largely to moot the instant Motion to bar discovery. *See* Doc. 103 at 5. Likewise, Defendants fail to address excusable neglect as required by Rule 6(b)(1). Additionally, the Court has already denied a joint motion to extend the discovery cutoff date for lack of good cause. Doc. 66. Accordingly, Defendants have not met the requisite standard to extend the discovery period and the Motion to Amend Case Management and Scheduling Order to Allow Limited Discovery Period (Doc. 103) is due to be denied.

### IV.  Conclusion

Accordingly, it is **ORDERED** that:

1. The Motion to Bar Untimely Discovery (Doc. 78) is **DENIED**; and

2. Defendants' Opposed Motion to Amend Case Management and Scheduling Order to Allow Limited Discovery Period (Doc. 103) is **DENIED**.

**ORDERED** in Orlando, Florida on May 20, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE