**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| MARC IRWIN SHARFMAN M.D., P.A., a Florida corporation, individually and as the representative of a class of similarly-situated persons, | ) | |
| Plaintiff, | ) | Civil Action No: 6:22-cv-00642-WWB-DCI |
| v. | ) | |
| PRECISION IMAGING ST. AUGUSTINE LLC, a Florida limited liability company, and HALO DX, INC., a Delaware corporation, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION**
**<u>TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

Plaintiff, MARC IRWIN SHARFMAN, M.D., P.A. ("Plaintiff"), responds as follows for its Opposition to the Motion to Dismiss for Lack of Subject-Matter Jurisdiction filed by Defendants, Precision Imaging St. Augustine LLC ("Precision") and Halo DX, Inc. ("Halo") (collectively "Defendants"). (Doc. 121). As argued below, the Motion should be denied because Plaintiff's individual claim is not "moot" under *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016).

**<u>Background</u>**

On August 2, 2024, the Court issued its Order denying Plaintiff's motion for class certification in this action under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227(b)(3). (Order, Doc. 119).

On August 16, 2024, Plaintiff timely filed its Petition for Leave to Appeal the denial of class certification pursuant to Rule 23(f). (Ex. A). On August 29, 2024, Defendants filed

their Answer to the Petition. (Ex.B). If the Eleventh Circuit grants Plaintiff's Petition, then the denial of class certification will be reviewed on an interlocutory basis. If the Eleventh Circuit denies Plaintiff's petition, then Plaintiff intends to appeal the denial of class certification following entry of a final judgment. *See Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1711 (2017) (holding an adverse class-certification ruling "is subject to effective review after final judgment at the behest of the named plaintiff") (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978)).

## **Argument**

Defendants' Motion is based on the proposition that Defendants' tender of $1,501 rendered Plaintiff's individual TCPA claim "moot." That proposition is mistaken. This Court retains subject-matter jurisdiction to adjudicate Plaintiff's claim. Defendants' tender to Plaintiff has no greater legal significance than any other unaccepted settlement offer, and the Motion should be denied.

### I. Plaintiff's individual TCPA claim is not moot under *Campbell-Ewald*.

The Supreme Court held in *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016), that a plaintiff's individual claim is moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." An unaccepted settlement offer, the Court held, does not remove "the court's ability to grant [a plaintiff] relief" and therefore cannot render the plaintiff's claim "moot." *Id*. at 162 (quoting and adopting *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1533 (2013) (Kagan, J., dissenting)).

Defendants' Motion does not explain why it would be "impossible" for this Court to grant Plaintiff any relief following its delivery of a letter and a check for $1,501 to Plaintiff's

counsel. (Mot. at 1–5). To the contrary, the Court retains "the ability to grant" every form of relief to Plaintiff that it possessed on the day Plaintiff filed the Complaint.

First, the Court retains "the ability to" enter a judgment in Plaintiff's favor on its claims that Defendants sent Plaintiff "unsolicited advertisements" by fax in violation of the TCPA, 47 U.S.C. § 227(b)(1)(C). Defendants do not offer to stipulate to the entry of judgment in Plaintiff's favor in their letter. (Doc. 121-1). Defendants' Motion expressly refuses to consent to the entry of judgment in Plaintiff's favor. (Mot. at 5). Defendants state they are willing to stipulate "that Plaintiff is entitled to seek court costs" under Rule 54 (Mot. at 2), but that only highlights the problem with Defendants' gambit for dismissal. Rule 54(d) provides for payment of costs "to the prevailing party" following entry of judgment in favor of that party. A party that obtains a judgment in its favor is a "prevailing party." A party whose claim is dismissed for lack of subject-matter jurisdiction—the outcome Defendants are seeking—is not.

Second, the Court has the ability to grant Plaintiff money damages in an amount greater than $1,501. The TAC "seeks an award of statutory damages in the minimum amount of $500 for each violation of the TCPA, *and to have such damages trebled, as provided by § 227(b)(3) of the Act, in the event willfulness in violating the TCPA is shown*." (Doc. 87, TAC ¶ 8). Defendants claim that Plaintiff does not seek treble damages, which is incorrect but irrelevant because Fed. R. Civ. P. 54(c) requires that "every . . . final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."

Third, the Court has the ability to grant the injunctive relief authorized by the TCPA, 47 U.S.C. § 227(b)(3). The TAC does not expressly request injunctive relief, but, again,

that is irrelevant because Rule 54(c) requires that a judgment in favor of a prevailing party "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Thus, Plaintiff is entitled to an injunction specifying the conduct from which Defendants are enjoined in accordance with Rule 65. *E.g., Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 86 (2d Cir. 2004) (citing Fed. R. Civ. P. 54(c) and holding that the defendants were not prejudiced by the plaintiff's request for injunctive relief not requested in complaint)

Fourth, the Court has the ability to grant class certification. The Court has issued an order denying class certification, but "[a]n order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C). If Plaintiff's Rule 23(f) Petition is successful or some other controlling authority is issued, Plaintiff will ask the Court to revisit class certification. Defendants do not explain why this Court would lack the "ability" to grant that relief, and the Court clearly would have that ability. That ability to grant effective relief means that Plaintiff's claim is not "moot" under *Campbell-Ewald*.

Ultimately, "[t]here is no principled difference between a plaintiff rejecting a tender of payment and an offer of payment" under *Campbell-Ewald*, and "[a] tender is nothing more than a particular species of offer." *Ung v. Universal Acceptance Corp.*, 2016 WL 3136858, at *5 (D. Minn. June 3, 2016), followed by *Fam. Med. Pharmacy, LLC v. Perfumania Holdings, Inc.*, No. CV 15-0563-WS-C, 2016 WL 3676601, at *6 (S.D. Ala. July 5, 2016). Defendants made a settlement offer, and Plaintiff rejected it. "An unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect." *Campbell-Ewald*, 577 U.S. at 162 (quoting *Genesis Healthcare*, 133

S. Ct. at 1533 (Kagan, J., dissenting)). The rejected offer has no effect on the Court's subject-matter jurisdiction, and Defendants' Rule 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction should be denied.

## II. Even if Plaintiff's individual claim were moot, Plaintiff retains Article III standing to pursue the class claims.

It is unclear from Defendants' motion whether they are seeking dismissal as "moot" in order to impede Plaintiff's ability to seek appellate review of the Court's denial of class certification. For the sake of completeness, as the Eleventh Circuit explained in *Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 705 (11th Cir. 2014), "the Supreme Court has made clear, more than once, that the necessary personal stake in a live class-action controversy sometimes is present even when the named plaintiff's own individual claim has become moot." The Eleventh Circuit gave several examples in *Stein* of cases where the Supreme Court held a plaintiff had standing to represent a class after its individual claims had become moot, citing *Sosna v. Iowa*, 419 U.S. 393 (1975); *Gerstein v. Pugh,* 420 U.S. 103 (1975); *Swisher v. Brady*, 438 U.S. 204 (1978); *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991). *Stein*, 772 F.3d at 705–06.

The most pertinent Supreme Court precedents here are *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 402–04 (1980), and *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 336 (1980). The Fifth Circuit applied both cases in the controlling authority of *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030 (5th Cir. 1981).[1]

---

[1] "As a Fifth Circuit decision issued before October 1, 1981, [*Zeidman*] is binding precedent in the Eleventh Circuit." *Stein*, 772 F.3d at 704 (citing *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1207 (11th Cir. 1981)).

In *Geraghty*, 445 U.S. at 402–04, the Supreme Court held that a proposed class representative has "a 'personal stake' in obtaining class certification" in the nature of a private attorney general, and that this stake alone satisfies Article III standing requirements for purposes of appealing a denial of class certification, even after the named plaintiff's individual claims become moot. In *Zeidman*, 651 F.2d at 1043–44, the Fifth Circuit applied *Geraghty* to hold that the plaintiffs had standing to pursue class certification after their individual claims had become moot.[2] Though the plaintiffs no longer had live individual claims, the court held that, like the plaintiff in *Geraghty*, they "vigorously advocated their right to class certification, and have done so in a concrete factual setting capable of judicial resolution," and therefore had a concrete interest in appealing the denial of class certification *and* in seeking class certification in the district court. *Id.*

Like the plaintiffs in *Geraghty* and *Zeidman*, Plaintiff has "vigorously advocated [its] right to class certification" in a concrete factual setting for over two years now, and Plaintiff's interest in obtaining class certification and acting as class representative against Defendants, standing alone, entitles Plaintiff to pursue its appeal of the Court's denial of class certification, either on Plaintiff's Rule 23(f) petition (if granted) or following a final judgment from this Court, *even if* Plaintiff's individual claims were to become moot.

In *Roper*, 445 U.S. at 336, the Supreme Court held that the named plaintiffs' interest in "shift[ing] part of the costs of litigation," including attorney fees, to the rest of the class was enough to give the plaintiffs standing to appeal the denial of class certification *and* to pursue class certification in the district court, even after the defendant

[2] As the Eleventh Circuit noted in *Stein*, 772 F.3d at 704, the Fifth Circuit in *Zeidman* "assumed without discussion that the defendant's tender mooted the named plaintiffs' individual claims."

deposited all the money the plaintiffs could recover with the district court. *Id.* In *Zeidman*, the court followed *Roper* and held that, like the plaintiffs in that case, the plaintiffs asserted an interest in "'shifting' the litigation costs to other class members," and that "[s]uch an assertion was considered adequate to confer standing in *Roper*, and we perceive no reason why it would not also be adequate here." *Zeidman*, 651 F.2d at 1043, n.10.

Like the plaintiffs in *Roper* and *Zeidman*, Plaintiff has asserted its interest in obtaining its costs of litigation, including attorney fees, from a class recovery against Defendants, and that interest, standing alone, is substantial enough to allow Plaintiff to pursue its appeal of the denial of class certification and, if successful, to pursue class certification before this Court on remand, even if Plaintiff's individual claim were mooted by Defendants' tender (which, as argued in Section I, above, it is not).

**Conclusion**

For the foregoing reasons, the Court should deny Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction.

Respectfully submitted,

s/ Ryan M. Kelly
Ryan M. Kelly – FL Bar No.: 90110
Wallace C. Solberg (*Admitted pro hac vice*)
ANDERSON + WANCA
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
Telephone: 847-368-1500
rkelly@andersonwanca.com
wsolberg@andersonwanca.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

s/ Ryan M. Kelly