**EXHIBIT B**

CASE NO. 24-90023

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

MARC IRWIN PLAINTIFF, M.D. P.A.,

*Plaintiff-Petitioner*,

v.

PRECISION IMAGING OF ST. AUGUSTINE, LLC, AND HALO DX, INC.,

*Defendants-Respondent*.

---

Petition to Appeal from the United States District Court
For the Middle District of Florida

No. 6:22-cv-00642

---

RESPONDENTS' ANSWER TO PETITION FOR PERMISSION TO
APPEAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 23(f)

---

Joshua R. La Bouef
Darren C. Jones
BRENNAN MANNA DIAMOND
5210 Belfort Road, Suite 400
Jacksonville, Florida 32256
Telephone: (904) 366-1500
Facsimile: (904) 366-1510
Primary: jrlabouef@bmdpl.com
Primary: dcjones@bmdpl.com
Secondary: jlbunnell@bmdpl.com

*Attorneys for Respondents-Defendants*

## **TABLE OF CONTENTS**

CERTIFICATE OF INTEREST PERSONS AND CORPORATE DISCLOSURE STATEMENT ................................................................................................. iii

TABLE OF AUTHORITIES ................................................................................. iv

INTRODUCTION ................................................................................................. 1

FACTS AND PROCEEDINGS RELEVANT TO PETITION ............................... 1

QUESTIONS PRESENTED ................................................................................. 5

RELIEF SOUGHT ................................................................................................ 5

REASONS PETITION SHOULD BE DENIED .................................................. 5

I.   Petitioner Failed to Satisfy the Basic Requirements of Rule 5(b)(1)(E)(i) of the Federal Rules of Appellate Procedure ................................................................ 5

II.  Petitioner Failed to Establish Any Compelling Reason to Justify Invoking Interlocutory Review of the Certification Decision ........................................... 6

   A. Petitioner Fails to Demonstrate that Denial of Class Certification Motion is the "Death-Knell" of the Litigation. ............................................................. 8

   B. Petitioner Has Not Established Any Substantial Weakness in the Order Denying the Motion for Class Certification. ................................................ 10

      i.  OFS users lack viable claim under the TCPA ....................................... 11

      ii. OFS users lack concrete injury under *Spokeo* to confer Article III Standing ............................................................................................... 12

   C. The Order Presents No Unsettled Questions of Law That Warrant Interlocutory Review .................................................................................... 16

   D. The Nature and Status of the Case Does Not Weigh in Favor of Review .... 18

   E. Potential Future Events Weigh Against Granting Interlocutory Review ...... 18

CONCLUSION .................................................................................................... 19

CERTIFICATE OF COMPLIANCE .................................................................... 21

## <u>CERTIFICATE OF INTEREST PERSONS AND CORPORATE<br>DISCLOSURE STATEMENT</u>

Respondents Precision Imaging St. Augustine LLC, and Halo DX, Inc., pursuant to 11th Cir. R. 26.1-2(c), by and through their undersigned counsel, certify that that Certificate of Interested Persons and Corporate Disclosure Statement filed by Plaintiff-Petitioner Marc Irwin Sharfman, M.D., P.A., contains a complete accounting of the relevant parties, persons, corporations, or other identifiable legal entities related to the parties.

BRENNAN MANNA DIAMOND
5210 Belfort Road
Jacksonville, Florida 32256
Telephone: (904) 366-1500
Facsimile: (904) 366-1501


*/s/ Joshua R. La Bouef*
Joshua R. La Bouef, Esq.
Florida Bar No. 044400
Darren C. Jones, Esq.
Florida Bar No. 99478
Primary: dcjones@bmdpl.com
Primary: jrlabouef@bmdpl.com
Secondary: jlbunnell@bmdpl.com

*Counsel for Defendants-Respondents*

iii

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Career Counseling, Inc. v. Amerifactors Fin. Grp., LLC,*
 91 F.4th 202 (4th Cir. 2024) ........................................................................12

*Cordoba v. DIRECTV, LLC,*
 942 F.3d 1259 (11th Cir. 2019) ...................................................................12

*Daisy, Inc. v. Mobile Mini, Inc.,*
 489 F. Supp. 3d 1287 (M.D. Fla. 2020) ................................................. 13, 15

*Drazen v. Pinto,*
 74 F.4th 1336 (11th Cir. 2023) ............................................................... 13, 14

*Fed. Commc'ns Comm'n v. AT&T Inc.,*
 562 U.S. 397 (2011)......................................................................................15

*In re Delta Air Lines,*
 310 F.3d 953 (6th Cir. 2002) ..........................................................................8

*In re SamMichaels, Inc.,*
 No. 12-0110, 2013 WL 1760353 (6th Cir. Apr. 25, 2013) ...........................8

*In re Sandusky Wellness Ctr., LLC,*
 570 F. App'x 437 (6th Cir. 2014) ..................................................................9

*Johnson v. NPAS Sols., LLC,*
 975 F.3d 1244 (11th Cir. 2020) ...................................................................10

*Lienhart v. Dryvit Sys., Inc.,*
 255 F.3d 138 (4th Cir. 2001) ........................................................................10

*Muransky v. Godiva Chocolatier, Inc.,*
 979 F.3d 917 (11th Cir. 2020)......................................................................13

*Ocwen Loan Servicing, LLC v. Belcher,*
 No. 18-90011, 2018 WL 3198552 (11th Cir. June 29, 2018) ........................7

*Prado-Steiman ex rel. Prado v. Bush*,
    221 F.3d 1266 (11th Cir. 2000) ............................................................ passim

*Scoma Chiropractic, P.A. v. Dental Equities, LLC*,
    No. 2:16-cv-41, 2021 WL 6105590 (M.D. Fla. Dec. 23, 2021)...................13

*Sharfman v. Infucare RX LLC*,
    No. 6:21-cv-00525, 2023 WL 2624754 (M.D. Fla. Mar. 24, 2023) ..............3

*Sharfman v. InfuCare Rx LLC*,
    No. 23-12609-F, 2023 WL 7457109 (11th Cir. Oct. 27, 2023) ...................17

*Shin v. Cobb Cty. Bd. of Educ.*,
    248 F.3d 1061 (11th Cir. 2001) .......................................................................6

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016)................................................................................ 12, 14

*Waste Mgmt. Holdings, Inc. v. Mowbray*,
    208 F.3d 288 (1st Cir. 2000)............................................................................6

**Statutes**

47 U.S.C. § 227 *et. seq.*.................................................................................1

**Other Authorities**

Bryan Lammon, *An Empirical Study of Class-Action Appeals*, 22 Univ. Az. J. App.
Prac. & Proc. 2, at 307 (2022) ...................................................................7

*In re Amerifactors Financial Group, LLC Petition for Expedited Declaratory
Ruling*, 34 F.C.C. Rcd. 11950 (CGAB 2019)............................................3

**Rules**

Rule 23(f), Fed. R. Civ. P. .............................................................................6

## INTRODUCTION

Plaintiff-Petitioner, Marc Irwin Plaintiff M.D., P.A. ("Petitioner") seeks to invoke the exceptional procedures of Rule 23(f) to have this Court conduct an interlocutory review of the district court's Order Denying Motion for Class Certification (the "Order") on the grounds that all of the factors enumerated by this Court in *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1274-76 (11th Cir. 2000) weigh in favor of granting the Petition.  However, as explained in further detail below, the Petition is due to be denied for multiple reasons.  First, Petitioner failed to adhere to the dictates of Rule 5 of the Federal Rules of Appellate Procedure by failing to attach all of the relevant papers from the lower court.  Second, the Petition fails to establish any basis to justify review of the class certification determination before the conclusion of the underlying litigation.  Indeed, the Petition should be denied because none of the *Prado-Steinman* factors weigh in favor of granting Petitioner the extraordinary relief of interlocutory appellate review of the district court's certification decision.

## FACTS AND PROCEEDINGS RELEVANT TO PETITION

This is a class-action lawsuit brought under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et. seq.,* (the "TCPA) arising out of Petitioner's receipt of three  allegedly "unsolicited" fax messages (the "Faxes") in February of 2022.

Specifically, Petitioner's Third Amended Complaint alleges that Precision Imagin St. Augustine, LLC and Halo DE, Inc. (collectively, "Respondents") violated the TCPA by transmitting three "unsolicited" facsimiles to Petitioner, as well as to the putative class members, for which Petitioner seeks statutory damages of $500 per violation.  (*See* Doc. 87, Exs. A-C).[1]  The Faxes, which contained information concerning diagnostic imaging services provided by Precision, were sent exclusively to Precisions' referral sources.  (*See* Doc. 32-1 at ¶ 12).  Precision obtained the fax numbers for each of the referral sources to whom any of the Faxes were sent in connection with Precision's provision of patient services.  *Id.*  As such, the Faxes were not sent to a "bought-list" of fax numbers owned by persons with whom Precision had no business relationship. (*See* Doc. 75-1).  Rather, the Faxes were sent to medical practices with whom Precision had directly interacted with, and by whom Precision had been provided a fax number during the regular course of business. (Doc. 32-1 at ¶¶ 11-12).

Respondents have continuously maintained that certifying a class of all Fax recipients is improper because it is impossible to determine which recipients received the Faxes on a standalone fax machine ("SFM") as opposed to an online fax service ("OFS") without an individualized inquiry. (*See* Doc. 75-2). This

---

[1] Unless otherwise noted, all citations to "Doc" shall refer to the docket in the underlying action pending before the United States District Court in the Middle District of Florida.

distinction has become critically important in modern TCPA cases as many courts, including several Courts of Appeal, have sided or agreed with the Consumer and Governmental Affairs Bureau ("CGAB") of the Federal Communications Commission ("FCC") decision in the *In re Amerifactors Financial Group, LLC Petition for Expedited Declaratory Ruling*, CG Docket Nos. 02-278, 05-338, 34 F.C.C. Rcd. 11950, 11950 ¶ 2 (CGAB 2019) (the "Amerifactors Ruling") that held "under the plain terms of the [TCPA], an online fax service is not a 'telephone facsimile machine' and a fax sent to one is not 'an unsolicited facsimile advertisement' prohibited by the TCPA."

Despite the *Amerifactors* ruling, and Petitioner's recent failure to certify a similar class in another TCPA class action, *see Sharfman v. Infucare RX LLC*, 6:21-cv-00525-DCI-WWB, 2023 WL 2624754, (M.D. Fla. Mar. 24, 2023), Petitioner sought to certify two alternative classes, neither of which attempted to distinguish standalone fax machine users from online fax service users. (Doc. 69 at 2-3). On May 23, 2024, Magistrate Judge Daniel C. Irick issued a Report and Recommendation that recommended Petitioner's Motion for Class Certification be denied for failing to satisfy Rule 23(a) typicality and adequacy, and Rule 23(b)(3) predominance and superiority. (Doc. 109) (the "R&R"). Petitioner filed an objection to the R&R, claiming all of Judge Irick's recommendations were incorrect. (Doc. 113). Thereafter, on August 2, 2024, the district court issued its order

overruling Petitioner's Objections, adopting and confirming the R&R in part,[2] and Denying the Motion for Class Certification.  (Doc. 119) (the "Order").

Immediately following entry of the Order, on August 2, 2024, Respondents made an unconditional tender to Petitioner whereby Respondents agreed to provide Petitioner with a cashier's check for $1,501.00—which is more than the total damages Petitioner sought in the underlying action,  (Doc. 87 at 11)—and stipulated that Petitioner could seek to recover its costs pursuant to Federal Rule of Civil Procedure 54.  (*See* Doc. 121-1).[3]  Consistent with the unconditional tender, on August 13, 2024, Respondents delivered a cashier's check to Petitioner's counsel via certified mail.  (Doc. 121-2).  Thereafter, on August 14, 2024, Respondents filed an Opposed Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Motion to Dismiss") based on the fact Respondents' tender and stipulation rendered Petitioner's individual claim moot for want of an active case or controversy.  (Doc. 121).  Pending the district court's decision on Respondents' Motion to Dismiss, Petitioner's individual claims are set for trial in January of 2025.  (Doc. 102).

---

[2] The district court denied certification because Petitioner failed to establish the threshold requirement of Article III standing to satisfy Rule 23(a) typicality Rule 23(b)(3) predominance.  *See* Doc. 119 at 4.  As a result, the district court declined to address the other factors analyzed in the R&R.

[3] Unlike its prior complaints, Petitioner's Third Amended Complaint does not seek treble damages for any alleged intentional violations of the TCPA.  *Compare* Doc. 87 at 14 *with* Doc. 12 at 20 and Doc. 55 at 15.

## QUESTIONS PRESENTED

1.      Whether the Petition satisfies the threshold requirements of Rule 5 of the Federal Rules of Appellate Procedure to warrant this Court's consideration of the request for interlocutory review of the certification decision.

2.      Whether the district court committed clear error by determining Petitioner failed to establish typicality and predominance under Rules 23(a) and 23(b)(3), respectively, because putative class members that received the Faxes via an OFS do not have Article III standing to assert a claim for violation of the TCPA.

## RELIEF SOUGHT

Respondents asks this Court to dismiss the Petition under Rule 5 of the Federal Rules of Appellate Procedure for failure to adhere to the mandatory requirements of Rule 5(b)(1)(E)(i).  In the alternative, Respondents ask this Court to deny the Petition because Petitioner has not made a sufficient showing that interlocutory review is appropriate in this case.

## REASONS PETITION SHOULD BE DENIED

**I.      Petitioner Failed to Satisfy the Basic Requirements of Rule 5(b)(1)(E)(i) of the Federal Rules of Appellate Procedure**

Rule 5(b)(1) requires that any petition must "attach a copy of . . . the order, decree, or judgment complained of and any related opinion or memorandum . . ." FRAP 5(b)(1)(E)(i).

Here, Petitioner is seeking review of the district court's Order that adopted

5

and incorporated portions of the R&R.  However, Petitioner failed to attach a copy

of the R&R to the Petition.  The failure to attach the R&R should result in dismissal

of the Petition because the Rules of Appellate Procedure are not aspirational, they

are mandatory.  And in the case of a party seeking permission to bring an

interlocutory appeal, the reasons for strict adherence to the Rules are all the more

heightened.  Therefore, as a threshold matter, Petitioner's Petition should be

dismissed for failure to attach a critical portion of the decision it seeks to have this

Court review on an interlocutory basis.

## II.   Petitioner Failed to Establish Any Compelling Reason to Justify Invoking Interlocutory Review of the Certification Decision

In addition to the procedural deficiencies, taken on its merits the Petition is

nonetheless due to be denied because the facts and circumstances in this case simply

do not support granting interlocutory review of the certification decision.

At the outset it is important to note that granting of interlocutory review of a

class certification order under Rule 23(f) is the exception, not the norm, because they

are "inherently 'disruptive, time-consuming, and expensive' and consequently, are

generally disfavored."  *Prado-Steiman*, 221 F.3d at 1276 (quoting *Waste Mgmt.*

*Holdings, Inc. v. Mowbray*, 208 F.3d 288, 294 (1st Cir. 2000)).  Indeed, as noted by

this Court, "[a]ppellate review of a class certification order should be an avenue of

last resort." *Shin v. Cobb Cty. Bd. of Educ.*, 248 F.3d 1061, 1064 (11th Cir. 2001)

(citing *Prado-Steiman*, 221 F.3d at 1273-74)).  Simply put, the case must "'create[ ]

a compelling need for resolution of the legal issue sooner rather than later' to warrant immediate interlocutory review." *Ocwen Loan Servicing, LLC v. Belcher*, No. 18-90011, 2018 WL 3198552, at *2 (11th Cir. June 29, 2018) (quoting *Prado-Steinman*, 211 F.3d at 1274).

In *Prado-Steiman*, this Court laid out five "guideposts" to that should be considered in determining whether the particular facts or circumstances of a case warrant immediate review of a district court's class certification decision. *Prado-Steinman*, 211 F.3d at 1273-74. The relevant factors identified in *Prado-Steinman* are: (1) whether district court's ruling is likely dispositive of the litigation by creating a "death knell" for either plaintiff or defendant; (2) whether the petitioner has shown substantial weakness in the class certification decision, such that the decision likely constitutes an abuse of discretion; (3) whether appeal will permit resolution of an unsettled legal issue that is important to the litigation, and important in itself; (4) the nature and status of litigation before the district court; and (5) the likelihood that future events may make immediate appellate review more or less appropriate. *Id.*

Here, as is the case with the vast majority of Rule 23(f) petitions,[4] Petitioner has failed to provide sufficient justification for reviewing the certification decision

---

[4] A review of Rule 23(f) petitions filed between 2013–2017 showed that petitions seeking review of decisions denying class certification were granted only 21% of the time during that five-year period. *See* Bryan Lammon, *An Empirical Study of Class-Action Appeals*, 22 Univ. Az. J. App. Prac. & Proc. 2, at 307 (2022).

prior to a final disposition. *See*, *e.g.*, *In re SamMichaels*, *Inc.*, No. 12-0110, 2013 WL 1760353, at *1 (6th Cir. Apr. 25, 2013) (unpublished) (denying a Rule 23(f) petition in a TCPA class action).  Indeed, as explained below, Petitioner failed to establish any of the five factors this Court has held are determinative of whether interlocutory review ought to be granted or not.

### A. Petitioner Fails to Demonstrate that Denial of Class Certification Motion is the "Death-Knell" of the Litigation.

The "death-knell" factor "is a recognition that the costs of continuing litigation for either a plaintiff or defendant may present such a barrier that later review is hampered." *See In re Delta Air Lines*, 310 F.3d 953, 960 (6th Cir. 2002). However, "even ordinary class certification decisions by their very nature may radically reshape a lawsuit and significantly alter the risk-benefit calculation of the parties, leading to claims of irreparable harm." *Prado-Steiman*, 221 F.3d at 1274. Therefore, granting review based on the "death-knell factor "should be limited to those cases where the district court's ruling, as a practical matter, effectively prevents the petitioner from pursuing the litigation." *Id.* (noting that this factor may arise when denial of class certification means that the stakes are too low for the named plaintiffs to continue the matter); *see also In re Delta Air Lines*, 310 F.3d at 960 (holding that under this factor "[a] petitioner who convincingly establishes such an impact must further demonstrate some likelihood of success in overturning the class certification decision.").

8

Here, Petitioner claims that because it only received three faxes, its total potential recovery is limited to between $1,500 and $4,500. Petition at 6.[5] As such, according to Petitioner, the "stakes are too small and the litigation costs are too high" to justify litigating the named Petitioner's individual claims to a final judgment" and therefore "the denial of class certification is the 'death knell' of this litigation. Petition at 6 (citing *In re Sandusky Wellness Ctr., LLC*, 570 F. App'x 437 (6th Cir. 2014)).

However, as noted above, following the class certification decision, Respondents agreed to tender the full amount of damages Petitioner claims to have suffered but Petitioner rejected Respondents' tender. (Doc. 121). Therefore, it is disingenuous for Petitioner to claim that the death-knell factor militates in favor of granting its Rule 23(f) Petition because the stakes are too small to justify litigating Petitioner's individual claims, while simultaneously rejecting Respondents' unconditional tender that ought to have resolved his individual claims without the need for a trial.

---

[5] Petitioner's claim that its damages *might* be $1,500/Fax is ostensibly based on the hypothetical possibility that Petitioner might somehow show that Respondents committed willful violations of the TCPA. However, Petitioner did not allege any intentional or willful violation on the part of Respondents, nor did it seek treble damages in his Third Amended Class Action Complaint (despite having sought treble damages in all of the prior versions of the complaint). *Compare* Doc. 87 at 14 *with* Doc. 12 at 20 and Doc. 55 at 15. Therefore, based on the prayer for relief in the operative pleading, Petitioner's recovery is capped at $1,500.00.

Moreover, Petitioner's position that the stakes are too small is particularly devoid of any credulity given that a named plaintiff is not entitled to an incentive award. *See Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1260 (11th Cir. 2020) (holding that incentive awards violate prohibition of payment of compensation to class representatives). As such, Petitioner's stake in this litigation is the same post-class denial as it was when originally filed. Accordingly, Petitioner has failed to convincingly demonstrate that the litigation costs are too high to justify litigating its individual claim. Consequently, this factor counsels against granting the Petition.

## B. Petitioner Has Not Established Any Substantial Weakness in the Order Denying the Motion for Class Certification.

Under the second *Prado-Steiman* factor, the "petitioner has [to] show[] *substantial* weakness in the class certification decision, such that the decision likely constitutes an abuse of discretion." *Prado-Steiman*, 221 F.3d at 1274 (emphasis in original). As this Court has explained, the substantial weakness factor was adopted as a consideration in order to "spare the parties and the district court the expense and burden of litigating the matter to final judgment only to have it inevitably reversed" *Id.* at 1275; *see also, Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 145 (4th Cir. 2001) (adopting the *Prado-Steiman* factor test and noting that the "substantial weakness" prong "may promote judicial economy by enabling the correction of certain manifestly flawed class certifications prior to trial and final judgment.").

Here, Petitioner claims the district court abused its discretion in denying class

certification because the decision was "based solely on [the court's] erroneous legal determination that online fax service recipients lack Article III standing."  Petition at 7 (*citing* Order at 1-5)).  However, Petitioner provides no compelling reason why this purported deficiency necessitates review on an interlocutory basis and does not provide any convincing argument that the district court abused its discretion in applying the law to the facts in this case.  Rather, as explained more fully below, the district court's decision was consistent with this Court's prior decisions applying *Spokeo* and, more broadly, with the growing body of case law holding that the TCPA's prohibition on unsolicited fax advertisements does not apply to online fax service users.  Specifically, Petitioner has not—indeed cannot—shown any abuse of discretion on part of the district court because: (i) the TCPA simply does not apply to OFS users; and (ii) even assuming it does, OFS users lack the requisite "concrete injury" to convey Article III standing under *Spokeo* and its progeny.

       i.    <u>OFS users lack viable claim under the TCPA</u>

Notwithstanding that the Order presumed (for argument's sake) that the TCPA applies to OFS users, Petitioner cannot establish the district court committed clear error in denying certification because both of Petitioner's proposed classes contained OFS users, and the TCPA simply does not apply online fax service users. Specifically, the Fourth Circuit recently held that a plain reading of the TCPA reveals it does not apply to faxes received via an OFS. *See Career Counseling, Inc.*

*v. Amerifactors Fin. Grp., LLC*, 91 F.4th 202, 209 (4th Cir. 2024). Therefore, because a plain reading of the TCPA reveals it does not apply to the recipients who received the Faxes via an OFS, the district court did not commit clear error in holding that OFS users lacked Article III standing.

      ii.   OFS users lack concrete injury under *Spokeo* to confer Article III Standing

This Court has held that courts determining whether to certify a class under Rule 23 must "consider under Rule 23(b)(3) . . . whether the individualized issue of standing will predominate over the common issues in the case, when it appears that a large portion of the class does not have standing . . . and making that determination for these members of the class will require individualized inquiries." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1277 (11th Cir. 2019). In *Spokeo*, the Supreme Court made clear that "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). And while "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact," the district court correctly held that this case is not one of those instances. *Id.* at 342.

     To establish standing under Article III, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo,* 578 U.S. at 338. "To establish injury in fact, a plaintiff must show that he or she suffered

an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 339 (quotation omitted). "For the injury to be "concrete," it must be "real," and not "abstract;" however, it need not be "tangible." *Id.* at 352.

Consistent with prior decisions from the Middle District of Florida addressing this same issue, the district court found that "the mere receipt of a fax through an online fax service, even if a violation of the TCPA, does not – on its own – cause an injury in fact." *See* Order at 3 (citing *Scoma Chiropractic, P.A. v. Dental Equities, LLC*, No. 2:16-cv-41, 2021 WL 6105590, at \*4 (M.D. Fla. Dec. 23, 2021); *see also Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 929–30 (11th Cir. 2020); *Daisy, Inc. v. Mobile Mini, Inc.*, 489 F. Supp. 3d 1287 (M.D. Fla. 2020)). The district court went on to explain that this Court's recent decision in *Drazen* does not militate a different conclusion. *See* Order at 3 (citing *Drazen v. Pinto*, 74 F.4th 1336, 1344 (11th Cir. 2023)).

Petitioner's claim that there is "substantial weakness" in the district court certification decision is principally based on two arguments. First, Petitioner argues that the district court committed clear error by holding that receipt of a fax via an OFS is—again, even assuming the TCPA applies to OFS users—a violation of a "procedural right" that does not, standing alone, cause an injury in fact. Order at 3. In support of its position, Petitioner claims that because Congress enacted the TCPA

to prevent the sending of unsolicited fax advertisements, that an OFS user who received such a fax suffers a "direct injury" (i.e., the harm the TCPA was created to address) as opposed to a "procedural violation." Petition at 10-11. And while Respondents disagree with Petitioner's analysis of the issue, this argument is effectively predicated on the purported policy considerations underlying Congress's intent behind enacting the TCPA. However, a debate over whether an OFS user receiving a fax constitutes either a direct or procedural harm under the TCPA is simply not the sort of manifest error that would justify interlocutory review of a certification decision. *See Prado-Steiman*, 221 F.3d at 1275 (explaining that this factor is properly invoked when the district court clearly misapplied Rule 23 or otherwise ignored controlling precedent). Therefore, on this point, Petitioner has failed to demonstrate that the district court applied an incorrect legal standard or otherwise ignored controlling precedent in determining that OFS users suffered, at most, a procedural violation by receiving an unwanted fax.

Petitioner's second point of error is that the district court misapplied the *Spokeo* "close relationship" test "and in the process mistakenly required business entities to state a claim for intrusion upon seclusion." Petition at 11. In support of this position, Petitioner claims the district court misread this Court's holding in *Drazen*, which held that a single unwanted text message received by an individual was sufficient to constitute a concrete injury under the TCPA. *Id.* at 11-12.

14

However, Petitioner's attempt to draw a corollary between an unsolicited text received by an individual, and an unsolicited fax received via an OFS by a business, is unavailing for multiple reasons.

First, Petitioner fails to reconcile the fact that its argument is based on its novel theory that an OFS ought to qualify as a "telephone facsimile machine" as that term is defined in the TCPA.  Therefore, this argument, which is based on the application of the facts to the law as Petitioner would have the Court interpret it, is not the sort of clear "mistake of law" that ought to be addressed on an interlocutory appeal.  *See Prado-Steiman*, 221 F.3d at 1275, N. 9 (noting that mixed questions of law and fact are usually not appropriate to address on a Rule 23(f) petition).

Second, Petitioner fails to demonstrate any substantial weakness or abuse of discretion or on the part of the district court's decision.  Rather, the Order correctly applied the well-established law that businesses do not have the same privacy rights which individuals enjoy at common law, and that there are no causes of action for businesses relating to the violation or invasion of its privacy.  *See e.g.*, *Fed. Commc'ns Comm'n v. AT&T Inc.*, 562 U.S. 397, 406–07 (2011) ("It seems to be generally agreed that the right of privacy is one pertaining only to individuals, and that a corporation or a partnership cannot claim it as such." (quotation omitted in original)); *Daisy*, 489 F. Supp. 3d at 1294 ("Daisy is a corporation. In tort, those entities have never been understood to have privacy rights beyond their publicity."

(citing *AT&T*, 562 U.S. at 406)).

Accordingly, Petitioner has failed to show the district court misapplied the law or otherwise committed a clear abuse of discretion in holding that "[w]ithout a cognizable right to privacy, business entities cannot suffer the kind of harm contemplated in *Drazen* as a matter of law." Order at 4. As such, the Petition should be denied because there is no "*substantial* weakness in the class certification decision, such that the decision likely constitutes and abuse of discretion." *Prado-Steiman*, 221 F.3d at 1274.

## C. The Order Presents No Unsettled Questions of Law That Warrant Interlocutory Review

Under the third *Prado-Steiman* guidepost, the Court "should consider whether the appeal will permit the resolution of an unsettled legal issue that is 'important to the particular litigation as well as important in itself.'" *Prado-Steiman*, 221 F.3d at 1275 (quoting *Mowbray*, 208 F.3d at 294). Such an issue is one that could escape effective review if left until the end of the case, or "one as to which an appellate ruling sooner rather than later will substantially assist the bench and bar." *Id.* Here, Petitioner claims that clarifying whether OFS recipients lack Article III standing is the sort of unsettled legal issue contemplated under this factor. Petition at 15. However, again, Petitioner fails to square the fact that whether the TCPA even applies to OFS users is *not* an unsettled legal question. Rather, that threshold question was directly answered by the only Circuit Court to have taken up the issue

16

so far. *See Career Counseling*, 91 F.4th at 209 (holding an OFS is not a "telephone facsimile machine" as that term is used in the TCPA).

Further, the question of whether an OFS user has suffered an "injury in fact" sufficient to confer Article III standing is simply not the sort of issue that warrants interlocutory review. To be sure, other than claiming that "these cases have escaped review for a variety of reasons,"[6] Petitioner failed to demonstrate any compelling reason why this issue cannot be resolved following the final disposition. As such, this case does not present the sort of unsettled legal issue that warrants interlocutory review.

---

[6] What Petitioner and its counsel failed to note is that their practice of filing TCPA class actions, and then settling them (either pre- or post-certification) is largely to blame for this issue having "escaped review." *See Sharfman v. Acute Home Healthcare Inc.,* No. 6:20-CV-02085 (M.D. Fla. Nov. 11, 2020); *Sharfman v. BioSerenity Inc., et. al.*, No. 6:20-CV-01255 (M.D. Fla. July 14, 2020); *Sharfman v. Braincheck, Inc.*, No. 6:22-CV-01072 (June 20, 2022); *Sharfman v. Buena Vista Medical Servs., Inc.*, No. 6:23-CV-01176 (M.D. Fla. June 26, 2023); *Sharfman v. InfuCare Rx LLC et. al.*, No. 6:21-CV-00525 (M.D. Fla. Mar. 23, 2021) (appeal dismissed in *Sharfman v. InfuCare Rx LLC*, No. 23-12609-F, 2023 WL 7457109 (11th Cir. Oct. 27, 2023); *Sharfman v. Radiology and Imaging Specialists of Lakeland, P.A. et al*, No. 6:21-CV-00990 (M.D. Fla. June 9, 2021); *Sharfman v. Salus Medical, LLC*, No. 6:20-CV-02129 (M.D. Fla Nov. 19, 2020); *Sharfman v. USA Top Docs L.L.C.*, No. 6:20-CV-01557 (M.D. Fla. Aug. 27, 2020); *Sharfman et al. v. IBEAT, Inc. et al*, No. 2:20-CV-00543 (M.D. Fla. July 28, 2020); *Sharfman v. Preferred Physicians Ins. Agency, Inc.*, No. 8:21-CV-00580 (M.D. Fla. Mar. 12, 2021); *Sharfman v. SiteRX, Inc. et al*, No. 6:22-CV-00117 (M.D. Fla. Jan. 19, 2022); *Sharfman v. Specialty Ins. Servs. Inc.*, No. 6:21-CV-00709 (M.D. Fla. Apr. 12, 2021).

### D. **The Nature and Status of the Case Does Not Weigh in Favor of Review**

Under the fourth consideration enumerated in *Prado-Steinman*, the particular nature and status of the litigation may weigh in favor or against interlocutory review. *Prado-Steiman*, 221 F.3d at 1276.   Here, Petitioner claims that the nature and status of the case weigh in favor of granting interlocutory review because: (i) the record is fully developed; and (ii) the denial of certification is the death-knell of the litigation given the small amount of Petitioner's individual claim as compared to the high cost of litigating the claim to a final judgment.   Petition at 16.   However, as noted above, there is no reason to litigate Petitioner's individual claim to a final judgment given that Respondents have already submitted a check to Petitioner's counsel for the total amount of damages Petitioner claims to have suffered.   Further, the fact that the record is fully developed—standing alone—is not a reason to grant a Rule 23(f) petition.   Therefore, notwithstanding Petitioner's claim to the contrary, the nature and status of the case do not support granting interlocutory review.

### E. **Potential Future Events Weigh Against Granting Interlocutory Review**

The final factor the Court should consider is " the likelihood that future events may make immediate appellate review more or less appropriate." *Prado-Steiman*, 221 F.3d at 1276 (noting that ongoing settlement negotiations or an indication from the district court that its certification decision is conditional might obviate the need or justification for interlocutory review).   Here, Petitioner claims that this factor

weighs in favor of granting the Petition, because the district court has made no indication that its denial of class certification was conditional or subject to revision. Petition at 16-17. And while Respondents agree with Petitioner's assessment that the district court is unlikely to revisit its certification decision, that is not a sufficient basis to grant the Petition.

In fact, the potential future events of the underlying litigation actually weigh against granting interlocutory review. Specifically, if the district court grants Respondents' Motion to Dismiss, all indications are that Petitioner would appeal that decision. As cautioned by this Court in *Prado-Steinman*, "[p]iecemeal appellate review has a deleterious effect on judicial administration. It increases the workload of the appellate courts, to the detriment of litigants and judges." 221 F.3d at 1276. Therefore, given that the certification decision is not the only issue in this litigation that might ultimately find its way before this Court, the certification decision is not appropriate for immediate appellate review.

## **<u>CONCLUSION</u>**

Based on the foregoing authority and analysis, Respondents respectfully request that the Court either dismiss the Petition for failure to adhere to the requirements of Rule 5 of the Appellate Rules of Procedure or deny the Petition for interlocutory review of the district court's Order for the reasons stated herein.

This Answer is respectfully submitted this 29th day of August, 2024.

BRENNAN MANNA DIAMOND
5210 Belfort Road
Jacksonville, Florida 32256
Telephone: (904) 366-1500
Facsimile: (904) 366-1501


*/s/ Joshua R. La Bouef*
Joshua R. La Bouef, Esq.
Florida Bar No. 044400
Darren C. Jones, Esq.
Florida Bar No. 99478
Primary: dcjones@bmdpl.com
Primary: jrlabouef@bmdpl.com
Secondary: jlbunnell@bmdpl.com

*Counsel for Defendants-Respondents*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT,
TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

*Check the appropriate box in section 1, and check the box in section 2.*

1.    **Type-Volume**

☑    This document complies with the word limit of FRAP        5(c)(1)
because, excluding the parts of the document exempted by FRAP 32(f) and
                                          , this document contains
            4,806              words.

    **or**

☐    This brief complies with the line limit of FRAP     [insert Rule citation]     because,
excluding the parts of the brief exempted by FRAP 32(f) and
            [insert applicable Rule citation, if any]                , this brief uses a monospaced
typeface and  contains        [state the number of]         lines of text.


2.    **Typeface and Type-Style**

☑    This document complies with the typeface requirements of FRAP 32(a)(5) and the
type-style requirements of FRAP 32(a)(6).


(s)___Joshua R. La Bouef_____

Attorney for ___Precision Imaging of St. Augustine___

Dated: ___8/29/2024_____

                                                          Rev.: 12/16